## DEAN et al. v. WILLIAMS.

1. COSTS.—Costs do not in general follow interlocutory orders, unless expressly awarded, but abide the event of the suit.
2. AMENDMENT.—By the rules of the late district court, an amendment in pleading could be made only upon the terms of payment of the intervening costs; and this rule was as operative as a statute provision, and could not be avoided but by an express exception from its operation.
3. JUDGMENT—WRIT OF ERROR.—A rule for judgment is not a judgment, and a writ of error will not lie to it.
4. ERROR.—It is questionable whether a writ of error lies to reverse a judgment for costs only.

(1 *Chand.* 22.)

ERROR to the District Court for *Walworth* County.

This was an action of trespass *quare clausum fregit*, and for taking and driving from thence the sheep of the plaintiff, etc.

The defendants below pleaded separately. The plaintiff below obtained leave to discontinue, and did discontinue as to two of the defendants.

The cause was tried at the June term of the court for Rock county, 1847; and the jury were unable to agree upon a verdict, and the cause was continued.

At the same term the defendants, by their attorneys, applied for and obtained leave to plead or give notice of special matter, to be given in evidence on the trial of the cause; and did plead and give notice of such special matter.

At the October term of the district court for Rock county, the plaintiff below applied for and obtained an order changing the venue from 'Rock to Walworth county. At the May term of the court for Walworth county, 1848, the plaintiff pleaded issuably to the special plea of the defendants, and, before a trial was had, he filed a motion for and obtained a rule that he recover of the defendants, his proper costs and charges about his suit expended between the times of filing their original pleas and of the filing of their amended pleas; and at the same time, and as part of the same rule, it

was ordered that the plaintiff be nonsuited as to one of the defendants, *Stephen Scott*, Junior, and that he. (*Scott*) recover of the plaintiff his costs and charges of his defense in the suit.    The cause was tried by a jury, and resulted in a verdict and judgment for the defendants.

Afterwards, at the same term of the court, the defendants below tendered and took exception to the decision and order of the judge, granting to the plaintiff below his costs and charges about his suit, between the time of filing the original and amended pleas as before mentioned, and upon this exception the cause was brought into this court upon a writ of error.

Stow, C. J.    This case has been submitted without argument or brief.    Had we been aware, at the time the papers were handed up, that they were not accompanied with a brief, we should have declined receiving them ; as we cannot, as a general thing, consent to take upon ourselves to examine and decide cases in this court, on a mere inspection of the record.

By the record, it appears that at the September term of the district court, 1847, and after one trial had been had, the defendants below (the plaintiffs here) applied for and obtained leave to amend their pleadings, which they did ; and that at the following May term, a rule for judgment was obtained by the plaintiff below, for the costs incurred between the filing of the defective pleas, at the October term, 1846, and the amendment, a year afterwards.    The errors assigned are :

1st. The court awarding costs, in May, 1848, of the amendment allowed in September, 1847, when the rule for that amendment expressed no terms on which it was to be made :  and,

2d. The giving judgment for these costs.

In regard to the first alleged errror, it is to be observed, that though, in general, costs do not follow interlocutory orders, unless expressly awarded, but abide the event; by the

standing rule of the late district courts, the amendment could be made only on the terms of paying the intervening costs. This rule, while in force, was as operative and obligatory as a statutory provision ; and the party availing himself of it could exonerate himself of its burthens, only by an express exception in his favor. We are, therefore, of opinion that the district court was right in awarding the costs it did. As to the second error assigned, it does not appear from the record that a judgment for the costs was, in point of fact, ever actually entered ; and a mere rule for judgment is not a judgment, and error will not lie upon it ; besides, it is very questionable whether error lies to reverse a judgment for costs alone. And for this reason (and without expressing any opinion on the subject whether a judgment was the proper method of securing the payment of the costs awarded) the writ of error is dismissed.