# ABBOTTS'

# PRACTICE REPORTS.

## NEW-YORK.

## McMAHON a. ALLEN.

*Supreme Court, First District; General Term, June,* 1858.

### APPEAL.—FINAL JUDGMENT.

If, on a trial, whether by the court or by a referee, a decision or report is made in favor of one party, and a reference is ordered to take an accounting, which is necessary in order to ascertain the amount for which judgment is to be rendered, judgment cannot be entered until the accounting has been had, and every thing essential to the judgment has been ascertained.

If the unsuccessful party wishes to appeal, he must wait until after the accounting has been had, and a final judgment thereon entered.

Where, pending such accounting, the unsuccessful party procures judgment to be entered against himself by the clerk, and then appeals to the general term, his appeal should be dismissed.

Motion to dismiss an appeal.

The facts sufficiently appear in the opinion.

BY THE COURT.—DAVIES, J.—This cause was referred, by an order made by one of the justices of this court, under section 254 of the Code, to hear all the issues therein, and to determine the same.

Under this order the referee made his report, finding the issues raised in the cause in favor of the plaintiff, and report-

ing that, before final judgment could be entered, an accounting must be had. Accordingly an order was entered referring it back to the same referee, to take and state the account, which, in his opinion, was essential to the entry of the final judgment in this action. While such reference is pending, the defendant procures judgment to be entered by the clerk in favor of the plaintiff, upon the report of the referee, and the defendant now appeals from that judgment. The plaintiff moves to dismiss that appeal. We think the defendant's counsel is in error in the view he takes of the practice applicable to the present case. The provision of section 272 of the Code is, that the report of the referee, upon the whole issue, stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. The referee is substituted for the court, to hear and decide the case, and his report stands as the judgment of the court. The judgment thereon is to be entered in the same manner as if the action had been tried by the court. How would judgment have been entered in this action if the same had been tried by the court? Certainly it would not have been entered until the court had ascertained all the facts essential to the judgment, and upon which it was based. As in the present case, if the court had found the same facts, and settled the same principles, which have been found and settled by the referee in this case, and had determined an accounting to be necessary, it is quite clear that no judgment in the action would have been entered by the court until such account had been had and taken. When so had, and every thing essential to the judgment had been ascertained, then the party, in whose favor the judgment was, would prepare his proposed form of judgment, and submit it to the opposite party; and the allocatur of the judge would be authority to the clerk to enter the judgment.

We have seen that judgment, in cases where the whole issues are referred, are to be entered in the same manner as if the action had been tried by the court. It cannot therefore be entered in any other manner.

Properly, therefore, the defendant should have waited until all the issues raised in the cause had been disposed of, and the judgment entered thereon, and which we have seen could not be regularly entered until they had all been disposed of by the

referee. When such judgment has been entered, in the same manner as if the action had been tried by the court, then, and not before, is it in a condition to be appealed by the defendant. The appeal taken in this case was therefore premature, and the motion to dismiss it should be granted, but, as the practice in like cases does not seem to have been well settled, without costs.