# CASES DETERMINED

30 151
77 272
30 151
93 139

*June Term, 1872.*

---

BONESTEEL vs. BONESTEEL and others.

*Practice—Bill of Exceptions.*

1. Until the costs are adjusted and inserted in the judgment, written notice of the entry of judgment cannot be given, so as to set running the sixty days allowed for serving a bill of exceptions, under sec. 12, ch. 264, laws of 1860.
2. A party must, however, serve his bill of exceptions before the time for taking an appeal expires, under sec. 9 of said chapter.

APPEAL from the Circuit Court for *Dodge* County.

Motion by plaintiff and respondent to strike from the files the bill of exceptions, on the ground that it was not served within the time required by law.

*Gerrit T. Thorn,* for the motion.

*Coleman & Thorp, contra.*

COLE, J.   This is a motion made by the respondent to strike from the files the bill of exceptions, for the reason that it was not served within sixty days after the service of written notice of the entry of judgment.   It appears from the affidavits read in support and against the motion, that the judgment was rendered on the 9th day of October 1871.   On the 15th of October, the attorneys for the respondent served upon the attorneys for the

appellants, a copy of the bill of costs, with notice of the taxation thereof, on the 17th of that month.    At the same time and sub-joined to this was the written notice of the entry of judgment, stating that the judgment was entered on the 15th, the day the notice of the taxation of costs was given.

It is claimed in opposition to the motion to strike out the bill of exceptions, that the service of a written notice of the entry of judgment before the costs were taxed and adjusted, and before the judgment is perfect in form by the amount of costs being inserted therein, is a nullity and does not serve to limit the time within which the bill of exceptions may be served under the statute.    We are inclined to the opinion that this is a proper construction of chapter 264, section 12, laws of 1860.    That section provides, among other things, that a party desiring to appeal, has sixty days after the service of written notice of the entry of judgment, within which to serve upon the adverse party a copy of the bill of exceptions.    This we think contemplates that the costs shall be adjusted and the judgment be perfect when this notice is given.    In the case of *Cord v. Southwell*, 15 Wis., 211, it was held that costs constituted a part of the judgment, and that the judgment cannot be considered as perfected until they are ascertained and included therein, so that an order fixing the amount of costs to be inserted in the judgment, even though made after the judgment, is otherwise complete for the purpose of an appeal, and review of the taxation in this court is to be regarded as made before judgment.    This fortifies the conclusion that the proper notice of the entry of judgment cannot be given until the costs are adjusted and the judgment is complete in form, so that a party may upon the very day the notice is given, perfect his appeal and stay the proceedings if he desires to do so.    Of course in giving his undertaking to stay proceedings and the judgment, it would be essential in this case to know from the record, the amount of the judgment, and this could not be determined until the costs were adjusted and taxed.    And in order to correct any error in the taxation of

costs, it is manifest that such taxation must be made before the party takes the appeal.

To avoid all misapprehension upon the point, we will add that we suppose the party must serve his bill of exceptions before the time for taking the appeal expires under section 9, chapter 264. But that was done in this case, as only about seventy days had elapsed since the judgment was rendered when the bill of exceptions was served.

*By the Court.* —Motion to strike the bill of exceptions from the files is denied.