## MASSING vs. AMES, County Treasurer.

PRACTICE: JUDGMENT: APPEAL. (1) *No interlocutory judgment in this state.* (2–4) *Practice where a party held entitled to a certain judgment on condition of doing a certain act within a specified time. When appeal to be taken in such a case.*

1. Under the statutes of this state, a judgment is "the final determination of the rights of the parties in the action;" and there is no such thing as an *interlocutory* judgment. R. S., ch. 132, sec. 25.
2. Action to restrain the sale of plaintiff's lots for the taxes of a certain year, and set aside such taxes as illegal. The court filed its findings of fact and conclusions of law, holding (in substance) that certain of the taxes were valid, and the remainder void, and that upon payment of the former within thirty days, plaintiff would be entitled to the relief demanded in the complaint in respect to all the lots affected by such void taxes, and that upon failure to make such payment, the complaint should be dismissed; that the plaintiff, in any case, should

Massing vs. Ames, County Treasurer.

pay the costs; and that there should be "judgment accordingly." Thereupon one of the parties caused a paper to be drawn up, reciting the findings of fact and conclusions of law, and adjudging in accordance therewith; and this was signed by the clerk and entered as a judgment. *Held*, on appeal therefrom as from a judgment,

(1) That the paper so entered was *not a judgment*, as it did not finally determine the rights of the parties.

(2) That it was wholly unnecessary as an *order*, adding nothing to the findings of fact and conclusions of law.

(3) That it must therefore be regarded as a nullity.

3. The correct practice in such a case is for either party, after the time for redemption fixed by the court has expired, on notice to the other party, to make proof of redemption, or of the failure to redeem, as the case may be, and apply to the court for a judgment; from which either party may then appeal.

4. Under the circumstances of this case, the circuit court may properly grant the plaintiff (if she desire it) a reasonable time for redemption after the *remittitur* herein is filed in that court.

APPEAL from the Circuit Court for *Dane* County.

This action was brought to restrain the treasurer of Dane county from selling a large number of lots in the city of Madison, belonging to the plaintiff, for the unpaid taxes thereon for the year 1871, and to set aside such taxes. There was assessed on all of such lots in that year a general tax, and on different portions of them five special taxes or assessments, all of which are alleged to be void for reasons stated in the complaint.

After the cause was tried, the circuit judge in due time filed his findings of fact and conclusions of law therein. Such conclusions of law are as follows:

"1. That as to the general tax upon all the lots and blocks described in the complaint, the plaintiff is not entitled to the relief demanded.

"2. That section 2 of chapter VI of the city charter of Madison requires estimates to be made and filed as therein stated, whether the work is to be let, or done under the supervision of the street superintendent, or not, but that this is not applicable to the sewer built under the act of March 4, 1871; and that, therefore, neither for this nor any other reason is the

plaintiff entitled to have the collection of the sewer tax, or any part of it, restrained.

" 3. That as to the other taxes and assessments complained of, the plaintiff is, upon the payment of the sewer tax upon the lots affected, and of the general tax, entitled to the relief asked.

" 4. The term for such payment is fixed at thirty days from the time of filing the finding and judgment.

" 5. The sales which have been made, not affected with the illegal assessments, will stand ; and therefore no deposit or payment is necessary on account of such lots only affected by general and sewer tax.

" 6. The above conditions not complied with, the complaint to be dismissed.

" 7. The plaintiff in any case to pay costs.

" 8. Judgment accordingly."

Thereupon one of the parties (probably the plaintiff) caused a paper to be drawn up and signed by the clerk, and entered as the judgment in the action. This document recites the findings of fact and conclusions of law, and then proceeds to adjudge in accordance with such conclusions in all respects. The plaintiff appealed from this as from a judgment.

*Francis Massing*, for appellant.

*Charles K. Tenney* and *H. M. Lewis*, for respondent.

[The briefs of counsel were confined to questions touching the validity of the taxes in dispute, and the remedy by injunction, which are not passed upon by the court, on this appeal.]

LYON, J. The appeal is prematurely taken, and must be dismissed. The paper in the record in the form of a judgment, and from which the appeal is taken, is not a judgment. A judgment, under our present practice, is defined to be "the *final* determination of the rights of the parties in the action." R. S., ch. 132, sec. 25. Here there has been no final determination of such rights. If the plaintiff redeems the lots affected

by the illegal assessments, from the general taxes and the sewer assessments thereon, within the time fixed by the court, judgment will be entered granting her the relief demanded in the complaint as to such lots.   If she fails so to redeem, judgment will be entered dismissing the complaint.   In either case the court must determine and adjudicate whether the lots have or have not been so redeemed, and a future judgment must be entered.

Under the old practice, this document might have been denominated an interlocutory judgment.   But that form of judgment is unknown to the code. · *Belmont v. Ponvert*, 3 Robertson, 696, and cases cited. ·At most it is only an order (R. S., ch. 140, sec. 28) ; and as an order it was entirely unnecessary. It merely specifies, in the alternative, the terms and conditions of the judgment to be thereafter entered.   The same thing had already been done in the conclusions of law, and the so-called judgment added nothing thereto.   It must, therefore, be regarded as a nullity.

The correct practice is for either party, after the expiration of the time for redemption fixed by the court, on notice to the other party, to make proof of the redemption, or failure to redeem, as the case may be, and to apply to the court for judgment.   Either party may appeal from the judgment entered pursuant to such application ; but no appeal lies from the conclusions of law, or from an unnecessary order merely reaffirming such conclusions, but not finally determining the action.

Under the circumstances of the case, we think that the circuit court may properly grant the plaintiff (if she desire it) a reasonable time after the *remittitur* shall be filed in that court, within which to make such redemption.

*By the Court.*—Appeal dismissed.