HENRY BUCKING, APPELLANT, *v.* CHARLES HAUSELT AND MARIE HAUSELT, HIS WIFE, RESPONDENTS.

*Judgment — cannot be entered until all the issues are decided.*

Where in an action to redeem certain premises from the effect of a deed absolute in form, but alleged to be in fact a mortgage, the defendant interposed an answer denying certain allegations of the complaint and setting up four counter-claims, to which counter-claims plaintiff demurred, upon which demurrer judgment was subsequently ordered for the defendant, who thereupon entered a judgment in his favor for the amounts claimed therein, *held*, that the judgment was irregular and should be set aside; that no judgment should have been entered in the action until all the issues raised therein had been disposed of.

APPEAL from an order made at the Special Term, denying a motion to set aside a judgment entered herein in favor of the defendant.

*Thomas G. Shearman,* for the appellant. No judgment can be entered against a party until all issues raised by him have been decided. (*McMahon* v. *Allen,* 27 Barb., 335; 7 Abb., 1; *Belknap* v. *McIntyre,* 2 id., 366; *Masters* v. *Barnard,* 6 How., 113; *Sutherland* v. *Tyler,* 11 id., 251.) It is in pursuance of this rule that where one of several defendants is in default, the plaintiff is obliged to wait until a decision is rendered upon his claim against all the other defendants before he can enter any judgment. (*Sluyter* v. *Smith,* 2 Bosw., 673; *Catlin* v. *Latson,* 4 Abb., 248; *Jacques* v. *Greenwood,* 1 id., 230.)

*Lewis Sanders,* for the respondents.

DANIELS, J.:

The action has been brought to redeem certain premises from the effect of a deed absolute in form, but asserted to be merely a mortgage. The defendant Charles Hauselt, besides denying material allegations in the complaint, set forth four different counter-claims by way of defense. To so much of the answer as presented the counter-claims the plaintiff demurred. Upon the trial of that issue, judgment was ordered for the defendant, with leave to the plaintiff to reply in twenty days. No reply was served, and the defendant entered judgment in his favor against plaintiff for the amount of the counter-claims. The other issues in the case, formed by the denials contained in the answer, were not then, nor have they since been, in any form determined. Neither, was any special adjudication made as to the amount of the several counter-claims. The fourth was upon a guaranty, that certain stock which the defendant was induced by the plaintiff to purchase, would produce a semi-annual dividend of five per cent. It did not do that, but the dividend made was very much less than that amount. The amount of that deficiency was stated in the answer, but as it depended upon facts extrinsic to the guaranty, it probably should be ascertained by an assessment before the defendant could properly enter judgment for its recovery. The contract which had been entered into did not, upon its face, liquidate the amount which should be recovered upon a failure of the stock to pay the stipulated dividend. The liability was contingent, depend-

ing upon extraneous circumstances for its extent. For that reason the guaranty seems not to have been a contract for the payment of money only, but an agreement, which in effect created the obligation to pay whatever difference might be found between the five per cent which it was agreed the stock would pay, and the per centage actually paid by it. And in case of default, that required the consideration of other facts besides the contract, for the adjustment of the amount to be paid. For that reason, a reference or assessment upon this claim appears to have been required in order to ascertain its amount, before a regular judgment for its recovery could be entered. (Code, §§ 269, 247, sub. I.)

But even if that had been unnecessary, the case was not in a condition for final judgment as long as material issues joined by the answer were left undisposed of. By the direction given, that the defendant should have judgment on the demurrer to the counter-claims, it was not intended that a final judgment to that effect should be entered in the case before the other issues were determined regularly. But one judgment can be entered in an action except in a limited class of cases, where a different course of practice has been expressly authorized by the Code. And as this was not one of them, what was intended by the direction given on the decision of the demurer was, that when judgment should be finally entered in the action, as a portion of that judgment the relief which this decision awarded, should be secured to the defendant. No other judgment was contemplated or authorized than that provided for by the Code, and that was the final determination, which, according to section 245 should determine all the rights of the parties. That is what the Code has declared to be the formal judgment to be entered in an action and the signification of the term is the same wherever it has been used in other places, unconnected with any qualifying language. (*Lawrence* v. *Farmers' L. and T. Co.*, 15 How., 57, 62.) And such a judgment cannot be entered while a portion of the material issues remain undetermined in the case. The result to be accomplished by it is not consistent with any other construction of the term. (Code, § 274.) It is to be a determination of the ultimate rights of the parties, unless in a certain specified class of cases it may be ordered otherwise by the court. Without such an order, which is to be made only

in the cases included within the provisions allowing it, a judgment entered on a determination of a portion of the issues would be, as it has frequently been held to be, irregular. (*Bacon* v. *Comstock,* 11 How., 198 ; *Sutherland* v. *Tyler*, id., 251 ; *McMahon* v. *Allen,* 27 Barb., 335.)

It was urged in support of the order made denying the motion that this irregularity was not specified in the notice given of such motion ; and in that the counsel for the defendant is right. The only irregularity specified was the want of notice of an application for judgment. But this objection in no way appears to have been made when the motion was argued at, or considered, when it was decided by the Special Term; and for that reason it cannot be now allowed to prevail. The practice adopted was not in conformity with the settled course of legal proceedings. For that reason, the judgment entered should not be allowed to stand. An order should be entered reversing the order appealed from and directing that the judgment entered up be set aside. But as the notice of motion did not fully apprise the defendant of an important defect in the proceeding on which the application for relief would be based, the costs and disbursements to be allowed should abide the final determination of the case.

DAVIS, P. J., and BRADY, J., concurred.

Order to be entered reversing order appealed from and directing that the judgment entered be set aside ; costs and disbursements to abide the final determination of the case.