SMITH vs. HART and another.

*When judgment perfected.*

Judgment for relief and costs is not perfected so as to be appealable un-
til the costs are ascertained and inserted; and an attempted appeal
from a judgment not so perfected is dismissed, with costs.

APPEAL from the Circuit Court for *Oconto* County.

*W. H. Webster,* for the appellant.

The cause was submitted for the respondent on the brief of
*Tracy & Bailey.*

ORTON, J.   In this case, judgment was rendered for the re-
lief asked in the complaint, and for costs, but the amount of
costs is not taxed or inserted in the judgment.

Below. the judgment there is an order or direction by the
court, that the clerk " tax the costs, and insert the amount
thereof in the judgment." The judgment was not perfected
so as to allow an appeal therefrom.

In *Cord v. Southwell,* 15 Wis., 211, this court held that
" costs constitute a part of the judgment," and that the judg-
ment is " not perfected until they are ascertained and included."

The prerequisite of " entry of judgment," in sec. 9, ch. 264,
Laws of 1860, of an appeal within two years, and in sec. 12, of
the service of a bill of exceptions within sixty days, is the
same.   In *Bonesteel v. Bonesteel,* 30 Wis., 151, this court has
held that the costs must be adjusted and inserted in the judg
ment before the sixty days in the latter case begin to run.

If other authority were needed upon this point, reference
may be had to the decisions in the state of New York, which
appear to be nearly uniform, that the judgment is not per-
fected until the costs are taxed and inserted therein.   *Lentil-
hon v. The Mayor, etc.,* 3 Sandf., S. C., 721; *McMahon v.
Harrison,* 5 How. Pr., 360; *Hunt v. Middlebrook,* 14 id.,
300; *McMahon v. Allen,* 7 Abb. Pr., 1.

The appeal was premature, and must be dismissed.

*By the Court.*—The appeal is dismissed, with costs.

RYAN, C. J., and LYON, J., took no part.