ANDREWS vs. WELCH, imp.

FORECLOSURE SALE: *At what time it may be made.*

Under section 3162, R. S., a foreclosure sale of land cannot be made within a
year from the date at which the judgment, as formally entered by the
court through its clerk, is rendered perfect so as to show the total amount
which must be paid in order to redeem, including not only the principal
and interest of the mortgaged debt, but also the *costs taxed.*

APPEAL from the Circuit Court for *Sauk* County.

Foreclosure of a mortgage. The defendant *Welch* appealed
from an order refusing to stay the sale of the premises upon
the judgment. The ground upon which the stay was sought
will appear from the opinion.

For the appellant, there was a brief by *Noyes Bros.*, and oral
argument by *Rolla E. Noyes.*

For the respondent, there was a brief by *Levi Crouch* and
*Lewis, Lewis & Hale*, and oral argument by *H. M. Lewis.*
They contended that ch. 135, R. S., wherever it speaks of a
judgment, or of rendering a judgment, means a judgment as de-
fined by sec. 2882, and by the common law, *i. e.*, "the final de-
termination of the rights of the parties" (Freeman on Judgm.,
2d ed., sec. 2); that the rendering of a judgment is a strictly
judicial act, and its *entry* a merely ministerial act, and the
validity of the judgment of the court does not depend upon its
being recorded in time by the clerk, the record not being the
judgment, but only the evidence of it (Freeman, secs. 37–39;
*Matthews v. Houghton*, 11 Me., 377; *Fish v. Emerson*, 44 N.
Y., 376; *Davis v. Shaver*, 1 Phill. Law (N. C.), 18; *McKinley v.
Weber*, 37 Wis., 279; *Ottillie v. Wœchter*, 33 id., 252); that
*Cord v. Southwell*, 15 Wis., 211, *Bonesteel v. Bonesteel*, 30
id., 151, and *Smith v. Hart*, 44 id., 230, construe the language
of a statute which required appeals to be taken within two
years from the "*entry* of judgment," and are inapplicable
here; and that if that statute had substituted the words "date

of judgment" or "rendition of judgment," the time to appeal would have commenced running from the time when the judgment of the court was announced. Freeman, sec. 40; *Genella v. Relyea*, 32 Cal., 159.

TAYLOR, J.   This is an appeal by the defendant *Welch* from an order denying his motion for an order staying the sale of the mortgaged premises under the judgment rendered in this action.   The only question to be determined upon this appeal is, whether the respondent's notice of the sale was premature.

The action was tried by the court, without a jury, at the March term, 1878.   The findings of the court were dated April 5th, and filed July 12, 1878, and on the day last named a judgment was filed in the usual form, directing the sale of the mortgaged premises, except that there was a blank left in said judgment for the insertion of the costs of the plaintiff in the action.   The costs were, in fact, taxed on the 14th of April, 1879, and then inserted in said judgment; and thereupon the plaintiff caused said mortgaged premises to be advertised for sale, by virtue of said judgment, on the 24th of May, 1879.

Section 3162, R. S. 1878, prescribes the form of the judgment to be rendered in an action to foreclose a mortgage, as follows: " In all such actions, if the plaintiff shall recover, the judgment shall fix the amount of the mortgage debt then due, and also the amount of each installment thereafter to grow due, and the several times when they will become so due, and shall adjudge that the mortgaged premises be sold for the payment of the amount adjudged to be then due, and of all installments which shall thereafter grow due before the sale, or so much thereof as may be sufficient to pay such amount for principal, interest and costs, including costs of sale; and, when demanded in the complaint, an order directing that judgment be rendered for any 'deficiency against the parties personally liable therefor."   Then follows the following provision as to sale:   " But no such sale shall be made until the expiration of

one year from date of such judgment or order of sale; and when judgment is for installments due and to grow due, and payment shall be made within the year of the installments found due at the date of the judgment, with interest and costs, no sale shall be made upon any installment growing due after the date of. the judgment, until the expiration of one year after the same shall become due." .

We have no hesitation in holding that the judgment referred to in this section is the formal entry of the judgment by the court through its clerk, and not the making and filing of the findings of fact and conclusions of law required to be made and filed by the judge before whom the action is tried. The judgment here referred to is the same judgment which, by the provisions of section 2897, R. S. 1878, the clerk is required to enter in the judgment book.

Section 2863, which prescribes that when the action is tried by the court its decision shall be given in writing and filed with the clerk within twenty days after the court at which the trial took place, very clearly distinguishes this decision from the judgment in the action. The section expressly says: " Judgment upon the decision shall be entered accordingly as of the term at which the cause was tried." The findings of the court amount to nothing more than an order for judgment, and are not in themselves the judgment of the court. *Sage v. McLaughlin*, 34 Wis., 550, 557; *Dean v. Williams,* 2 Pin., 91; *Lincoln v. Cross*, 11 Wis., 94; *Potter v. Eaton*, 26 Wis., 382; *Massing v. Ames*, 36 Wis., 409.

The statutes, in speaking of the decision and findings of a court in a case tried without a jury, never speak of them as the judgment in the action, but as something precedent to such judgment; and these findings, both as to the facts and conclusions of law, must be excepted to by the party seeking to take any advantage of errors in the same, otherwise they are conclusive against him. If, however, the findings are the judgment, then no exceptions ought to be required. It is the

universal practice that errors appearing in the final judgment need not be excepted to in order to take advantage of them upon appeal or writ of error. This court has held that if the judgment rendered is not sustained by the findings of fact, it will be reversed, though no exceptions be taken to such findings. If the findings are in fact the judgment, it would be difficult to find a reason for reversing a judgment, in such case. *Blossom v. Ferguson*, 13 Wis., 75, and cases cited in head note; *Westfield v. Sauk Co.*, 18 Wis., 624; *Wisconsin River Improvement Co. v. Lyons*, 30 Wis., 61.

Having come to the conclusion that the judgment spoken of in said section 3162 is the same judgment which is required to be entered in the judgment book by section 2897, we think it follows that the date of the entry of such judgment must be the date from which the year begins to run, and within which a sale of the mortgaged premises is prohibited by the provisions of said section 3162. The judgment which was in fact drawn up and entered by the clerk, and which did not contain the amount of costs which the plaintiff was entitled to recover, was not in fact so drawn up or entered until the 12th of July, 1878; and if the year commenced running from that date, the notice of sale and threatened sale were premature, and should have been stayed. In view of the object of the statute, we think it must be held that the year does not commence to run against a party entitled to redeem the mortgaged premises, until the judgment is perfected by the insertion therein of the amount of the costs of the plaintiff. Until that is done, the party entitled to redeem has no means of knowing what amount he must pay to the plaintiff or clerk in order to redeem the premises under the provisions of section 3165, R. S. 1878. It is no answer to this proposition to say that the party wishing to redeem may compel the plaintiff to have his costs taxed and inserted in the judgment. It is the duty of the party claiming the costs to have the same adjusted and inserted.

The costs are a part of the plaintiff's judgment, and it is just as necessary to the defendant's rights that they should be adjusted, and the amount fixed by the judgment, as it is that the amount due upon the debt secured by the mortgage should be ascertained and fixed thereby.

Under the old practice of selling the mortgaged premises immediately upon the rendition of the judgment, it was the universal practice to have the costs adjusted and inserted in the judgment before sale. The new law was intended, as we think, to secure to the mortgagor or his assigns one year to redeem the mortgaged premises, after a judgment has been perfected in such manner as to fix the exact amount which he must pay for the debt secured by the mortgage, with interest and costs, in order to redeem the sale from the effect of the judgment, and prevent a sale thereunder. This court has held that the time does not begin to run which limits the time for settling a bill of exceptions to sixty days after the entry of judgment, until the judgment is made perfect by the insertion of the amount of costs recovered. *Cord v. Southwell*, 15 Wis., 211; *Bonesteel v. Bonesteel*, 30 Wis., 151. It is also held that the judgment is not perfect so as to enable the party complaining of the same to appeal therefrom, until the costs have been taxed and inserted therein. *Smith v. Hart*, 44 Wis., 230.

These decisions do not depend upon the fact that the statute which governed them speaks of " the entry of judgment," not of its rendition; but upon the fact that there is no final perfected judgment fixing the exact rights of the parties, and that therefore, in the one case, the sixty days within which a bill of exceptions might be settled did not begin to run until the costs were entered in the judgment, and in the other there was not in fact a final judgment from which an appeal would lie until such costs were so inserted. In those cases it does not appear but that judgment had been in fact entered by the clerk, as in the case at bar, with a blank for the insertion of the costs.

The cases in New York, which this court has followed, all proceed upon the ground that the judgment is not a perfect judgment until the costs are inserted therein, and that it is therefore premature to appeal therefrom until the same is perfected by their insertion. · *McMahon v. Harrison*, 5 How. Pr., 360; *Lentilhon v. City of New York*, 3 Sandf., S. C., 721.

There is no hardship or inconvenience in requiring the plaintiff in a foreclosure action to perfect his judgment by the taxation and insertion of his costs in the judgment, in order to bar the mortgagor or his assigns from redeeming the same under section 3165; and it would be a hardship and inconvenience to compel the party seeking to redeem to come into court in order to compel the mortgagee to settle and adjust the amount which he may demand for such redemption. It is the judgment of the court which must fix that amount, unless the parties see fit to agree upon it without the intervention of such judgment; and the plaintiff must see to it that he has that amount fixed by the court, before he can coërce a redemption, or sell the mortgaged property to pay the same.

*By the Court.*—The order of the circuit court is reversed, with costs, with directions to grant the order staying the sale of the mortgaged premises.

