BALLOU, Administratrix, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*September 30 — October 18, 1881.*

TAXATION OF COSTS: *(1–3) Must be on application of prevailing party: Remedy where he neglects to apply.*

APPEAL TO S. C.: *(4) Not defeated by merely nominal duplicity.*

1. The clerk of the court has power to tax and adjust costs only on the application of *the prevailing party.* Sec. 2927, R. S.
2. If the prevailing party neglects to perfect his judgment on request of the other party, the court, on motion, will compel him to do so, and will impose costs upon him unless the delay be satisfactorily explained. And if he neglects to perfect his judgment within the time limited by the court therefor, the court may direct final judgment to be entered without costs.
3. Taxation of costs by the clerk on application of the losing party, and the insertion of the amount so taxed in the judgment, are void acts, and do not perfect the judgment so as to render it appealable.
4. Hereafter no appeal will be dismissed for duplicity unless it includes *two appealable matters;* and an appeal, in form, from a judgment and from an order made in the action before judgment, is treated in this case as single and valid. *Am. B. H. Co. v. Gurnee,* 38 Wis., 533, and other cases in this court, overruled as to this point.

This is a motion by respondent to dismiss the appeal for the alleged reasons, that, (1) the judgment has not been perfected by a proper taxation and insertion therein of the costs; and (2) the appeal is double. The notice of appeal specifies that it is from " the judgment entered in the action, from the whole and every part thereof, and from the whole and every part of the order of the court nonsuiting the plaintiff and dismissing the said action." The action was tried, and a compulsory nonsuit ordered, April 29, 1881. The plaintiff desiring to appeal, her attorney afterwards requested the defendant's attorney to perfect the judgment. The latter having neglected to do so, the plaintiff's attorney served him with a proposed bill of defendant's costs, with a notice dated June 24, 1881, that the defendant's costs would be taxed on July 2, 1881, by

the clerk of the court. The notice also contains a stipulation that on the taxation the defendant might present to the clerk any items of costs, not included in the proposed bill, to which it might be entitled, without serving any bill thereof or giving any notice of taxation. With such proposed bill and notice was served a notice signed by the clerk and addressed to defendant's attorney, to the effect that he would tax and adjust the defendant's costs at the time specified, and that the defendant might then present for taxation such other costs as it might have or claim. At the appointed time the clerk taxed the defendant's costs at $36.20, the amount of the proposed bill, entered judgment of nonsuit as of the day the same was ordered, to wit, April 29, 1881, and inserted therein the amount of costs so taxed. The plaintiff thereupon took this appeal. The defendant did not appear at such taxation, but afterwards served the plaintiff's attorney with a proposed bill of costs, amounting to $144.16, and notice that the same would be presented to the clerk for taxation on July 15th. The clerk refused to tax the same, for the alleged reason that, because an appeal had already been taken from the judgment, he had no power to do so.

*Wm. F. Vilas*, for the respondent.

*Gabe Bouck*, for the appellant.

LYON, J. 1. The only power of the clerk of the court to tax and adjust costs is that conferred upon him by statute. Section 2927, R. S., authorizes the clerk to tax the costs and insert the amount thereof in the entry of judgment, *on the application of the prevailing party*. We find no statute which authorizes him to do so on the application of the party against whom the judgment goes. We are clearly of the opinion that in this case the learned attorney for the plaintiff has mistaken his remedy. We understand the correct practice in such cases is, that if the prevailing party neglects to perfect his judgment after having been requested to perfect it,

the court, on motion, will compel him to do so, and will impose costs upon him unless the delay be satisfactorily explained. This is the practice indicated in the New York cases cited in support of this motion. We have been referred to no authority which sanctions the practice adopted in the present case. If the prevailing party should neglect to perfect his judgment within the time limited therefor by the court, doubtless the court might properly direct final judgment to be entered without costs.

The clerk having no authority to tax the costs on application of the losing party, the taxation, and the insertion in the judgment of the amount of costs as taxed, are null and void, and have no more effect than the same acts would have if done by a private person. They are simply nullities. The judgment, therefore, is still imperfect, in that the costs have not been adjusted and inserted in it; and until those things are done, no appeal lies from the judgment. *Smith v. Hart*, 44 Wis., 230, and cases cited. It follows that the motion to dismiss the appeal must be granted.

2. In *Am. Button-Hole Co. v. Gurnee*, 38 Wis., 533, and perhaps in other cases, it was held that an appeal would be dismissed for duplicity in the notice of appeal, although double only in form. We are now satisfied that this rule is unnecessarily technical and harsh, and should be modified. The court takes this occasion to announce that hereafter no appeal will be dismissed for duplicity unless it is double in fact; that is to say, unless it includes two appealable matters. For example, an appeal in form from a judgment and an order in the action, made before judgment (which is not appealable after judgment), or from two orders, one of which is appealable and the other is not, will be held not double. But an appeal from two judgments, or from two appealable orders, or from a judgment and an appealable order made after judgment, will be held double. Applying this rule to the present case, the appeal is not double. It is believed that the rule here announced

will afford all just protection to respondents, and at the same time will avoid the danger which existed under the former rule of inflicting injustice upon appellants. At the same time the new rule subordinates mere form to substance — a result always most desirable in judicial procedure when it can be attained without danger of injustice.

*By the Court.*— Appeal dismissed.