Hoye, Administrator, etc., Respondent, vs. The Chicago & Northwestern Railway Company, Appellant.
Hoye, Administrator, etc., Appellant, vs. The Chicago & Northwestern Railway Company, Respondent.

*January 19 — February 2: February 8 — February 23, 1886.*

*Appealable order: Right of party to perfect judgment for costs: When judgment appealable.*

1. An order requiring a party to tax his costs and perfect his judgment by a certain time, which, not being complied with, operates (if regular) to deprive that party of a judgment for costs to which he is otherwise entitled, involves the merits of the action, or some part thereof, within the meaning of subd. 4, sec. 3069, R. S., and is appealable.

2. Under ch. 202, Laws of 1882, the prevailing party is entitled to sixty days after verdict in which to perfect his judgment by having the costs taxed and inserted therein; and if, before the expiration of that time, the losing party or the clerk or the court attempts to perfect the judgment by inserting costs not taxed at the instance of the prevailing party, or to debar the latter from his right to perfect his judgment for costs, such act is a mere nullity, and the judgment (should one have been entered) will still remain imperfect and unappealable.

APPEALS from the Circuit Court for *Milwaukee* County. The facts are stated in the opinions.

For the defendant there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *Mr. Jenkins.*

*N. S. Murphey,* for the plaintiff.

The following opinion was filed February 2, 1886:

LYON, J. These two appeals are in the same cause. That of the defendant is from an order made in the progress of the cause, and the appeal of the plaintiff is from a judgment therein. Each party now moves to dismiss the appeal of the other party.

On October 23, 1885, after a trial of the action, the jury, by direction of the court, returned a verdict for the defendant. On November 12th, in the same year, the court, on motion of plaintiff, made an order requiring the defendant to tax its costs and perfect its judgment by the 17th of the same month. On the 16th of that month defendant appealed from such order. This appeal the plaintiff moves to dismiss.

The defendant having failed to comply with the above order, the court, on motion of the plaintiff, on November 23d, rendered judgment for the defendant, without costs, from which judgment the plaintiff immediately took an appeal. The defendant moves to dismiss such appeal.

These motions were argued together, and will be considered in their order.

1. The order from which the defendant appealed, not being complied with, operated (if regular) to deprive the defendant of a judgment for its costs in the action, to which it was otherwise entitled when the order was made. We do not perceive how it can be successfully maintained that an order which has so important an influence on the judgment does not involve, to some extent, the merits of the action within the true scope and meaning of the statute giving the right of appeal to this court from orders. R. S. sec. 3069, subd. 4. Judgment having gone for the defendant, the statute conferred upon it the right to recover costs. The order is the first step in a proceeding to deprive the defendant of that right. It seems obvious, therefore, that it goes to the merits. We think the order appealable, and must deny the plaintiff's motion to dismiss the appeal therefrom.

2. We will now consider the motion of the defendant to dismiss the plaintiff's appeal from the judgment. The practice adopted by the circuit court was indicated by this court in *Ballou v. C. & N. W. R. Co.* 53 Wis. 150. In that case there was a nonsuit, and the plaintiff caused the defendant's costs to be taxed and the amount thereof to be inserted in the judgment, and then appealed from the judgment. The appeal was dismissed on the ground that the taxation at the instance of the plaintiff, and the insertion of the amount of costs so taxed in the judgment, were unauthorized acts, having no effect whatever on the judgment, which still remained imperfect, as it was before such unauthorized insertion, and therefore not then appealable.

After the decision in the *Ballou Case,* and presumably with reference to it, the legislature enacted ch. 202, Laws of 1882, which, as we understand and interpret the act, gives the prevailing party sixty days after verdict to have his costs taxed and inserted in the judgment. Failing so to perfect his judgment within that time, he is deemed to

have waived his costs, and the clerk must thereupon enter the proper judgment without costs. Until the expiration of sixty days from the rendition of the verdict neither the losing party nor clerk, nor the judge or the court, has any power to perfect judgment by inserting costs not taxed at the instance of the prevailing party, or to debar the latter of his right to perfect his judgment for costs. Should any person or officer assume to do so, the act is a nullity, and the judgment (should one have been entered) would still remain imperfect, and therefore unappealable. Such is the rule of the *Ballou Case*, and we think it applicable here. A judgment entered in favor of a party without his consent (unless rendered pursuant to ch. 202, Laws of 1882) cannot bind him if he elects to repudiate it.

The appeal from the judgment was taken long before the sixty days expired after the rendition of the verdict, and while the defendant's right to perfect its judgment for costs was intact. The appeal from the judgment was therefore premature, and must be dismissed.

We are aware that the views herein expressed are fatal to the validity of the order from which the defendant appealed, and necessarily lead to a reversal of that order. However, the whole subject was fully argued by counsel, and we could not determine the motion to dismiss the appeal from the judgment without determining the merits of the appeal from the order. As it is not probable that counsel will desire to further argue the latter appeal, it will be placed at the foot of the present assignment, to be disposed of in its order, unless some good reason is suggested for placing it in a future assignment.

*By the Court.*— Ordered accordingly.

TAYLOR, J., dissents in *Hoye, Appellant, v. Chicago & Northwestern Railway Company, Respondent.*

The following opinion was filed February 23, 1886:

LYON, J.   This appeal is from an order, made after verdict for the defendant, requiring the defendant to have its costs taxed and to perfect its judgment by a day therein specified, which was less than sixty days after the verdict was returned.   On a motion to dismiss the appeal of plaintiff from a judgment rendered at his instance, pursuant to such order, it was held, at the last sitting of the court, that the order was made without authority of law, and hence that there was no perfected judgment from which an appeal could be taken.   The appeal of the plaintiff was thereupon dismissed because taken prematurely.   The reasons for holding the order invalid are sufficiently stated in the opinion filed on such motion, and need not be here repeated.

*By the Court.*— Order reversed.