NEEVES, Appellant, vs. ERON, Respondent.
NEEVES and others, Appellants, vs. ERON, Respondent.

*February 2 — February 19, 1889.*

*Ejectment: Failure to pay for improvements: Judgment.*

Under sec. 3098, R. S., if the plaintiff in ejectment fails to pay the amount of the assessment for improvements and taxes within three years from the date of the verdict assessing the same, he is barred of his recovery whether the judgment so providing has been entered or not; and if the judgment has not been entered within such three years the plaintiff is not thereafter entitled to have it entered, but the defendant may have it entered *nunc pro tunc* and then declared absolute in his favor.

APPEALS from the Circuit Court for *Portage* County. The facts are sufficiently stated in the opinion.

For the appellants there was a brief by *L. P. Powers*, attorney, and *Bleekman, Tourtellotte & Bloomingdale*, of counsel, and oral argument by *F. H. Bloomingdale.*

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones.*

ORTON, J. These were actions of ejectment, tried at the November term, 1881. The findings in favor of the plaintiffs were filed January 6, 1882. The claim of the defendant for taxes and improvements was submitted to a jury in each case, November 22, 1882, and a verdict in one case rendered for $7.89, and in the other for $70.72. Nothing further was done in either case until August 30, 1887, when a motion was made by the plaintiffs in one case, and by the plaintiff in the other, for judgment in the actions for the plaintiffs upon the payment of said assessments. These motions were denied, and the plaintiffs appealed from said orders. The questions being alike in both cases, they were submitted together, and there will be but one opinion.

We think the question whether either or both of these orders was or were made at chambers, is more technical than substantial, and, the main question involved being important to the parties, we will not further consider it, but dispose of the main question in the case. This question depends upon the meaning or construction of secs. 3098, 3099, R. S. Those sections would seem to be very plain, and their meaning apparent. The preceding section provides for the trial of the claim for improvements and taxes by a jury, and the verdict is called "the amount assessed." Then sec. 3098 provides that, when the right to recover the same shall be established, and the amount thereof *assessed*, such *assessment*, with the costs of such issue, shall be set off against the sum awarded for costs and damages to the plaintiff in the action, "and, if there remain any excess, the judgment in such action shall provide that the plaintiff shall pay the amount thereof, with interest, . . . within three years from the date of such *assessment*, as a condition of *execution*, and shall have no claim for rents and profits while the same remains so unpaid after *assessment*, and that, in default of such payment, *he shall be deemed to have abandoned his claim of title to the premises in question*, and, to-

gether with all persons claiming under him, shall be *forever barred* of a recovery, and of claim of title, and the title to the premises in question shall be deemed absolutely vested *in the defendant;* . . . but that upon payment as aforesaid the plaintiff shall have *execution* for the premises recovered." Sec. 3099 provides that "at the expiration of the three years limited in any such judgment the court may make an order, . . . upon application, . . . after notice and upon satisfactory proof of the fact, *declaring* that the plaintiff has failed to make the payment, . . . and that the judgment has become absolute in favor of the defendant."

1. In such a case there is but one judgment to be entered, and that is the above *conditional* one; and upon payment of such assessment within "three years from the date of such assessment," according to the condition in said judgment, the plaintiff shall have *execution* for the premises recovered, that is, execution on such conditional judgment. That judgment has never been entered. It may now be entered, but it must be *nunc pro tunc,* for it could not otherwise contain that condition of payment within three years from the date of such assessment. The plaintiff should have entered up that judgment as soon as the assessment was made; or, if it was the duty of the defendant to have so entered it, upon his neglect he could have had it so entered. *Ballou v. C. & N. W. R. Co.* 53 Wis. 150. If the defendant neglected to tax his costs, he would forfeit them by ch. 202, Laws of 1882; and the subtraction of the setoff was a mere mathematical operation. The circuit court no doubt considered that the motions were for judgments at that date, and not of the date of the assessment, and therefore denied them.

2. The three years in which the plaintiff could pay the assessment has long since expired. The word "assessed" or "assessment" is too often repeated in these sections to

be misunderstood. It is the amount *assessed* by the jury for taxes and improvements, and the three years limitation is from the date of the same. It would now do the plaintiffs no good to have entered such conditional judgment, for that limitation has expired. The defendant is now entitled to have such judgments entered *nunc pro tunc*, and then proceed to have them declared absolute in his favor, under sec. 3099. The judgments ought to be entered, and the matter so closed of record. In any event, it is now quite immaterial to the plaintiffs whether they are entered at the date of the assessment or not, or whether they are now entered or not. The time in which he could pay the assessments was not dependent upon the entry of such judgments, but upon the date of such assessments, and that time has expired. He is now barred of his recovery, and the title has become absolutely vested in the defendant. There can be no other possible result, unfortunate as it may be to the plaintiffs. This is not the only case where a party may lose or forfeit his rights by his own negligence.

*By the Court.*— The orders of the circuit court denying the motions are affirmed.