NETHERTON, Appellant, vs. FRANK HOLTON & COMPANY
and another, Respondents.

*September 25, 1925—March 12, 1926.*

*Appeal: When judgment is entered: Time of appeal: Taxation of
costs: Signing and filing judgment as entry thereof: Proof
as to date: Notice of· entry thereof.*

1. A decision of this court on a former motion to dismiss an
   appeal is *held* not *res adjudicata* of a similar subsequent mo-
   tion based on a new presentation of facts.  p. 465.
2. The entry of a judgment or order in the wrong book does not
   affect its validity or conclusiveness.  p. 467.
3. Under sec. 3039, Stats. 1898, as amended by ch. 400 of the
   Laws of 1913 (now sec. 274.01), an appeal cannot be taken
   until the judgment is perfected, but the year within which an
   appeal may be taken begins to run immediately from the
   entry of judgment, regardless of the time when costs were
   taxed and inserted.  p. 468.
4. The acquiescence and understanding long entertained by law-
   yers as to the meaning of a procedural statute are of im-
   portance.  p. 469.
5. A judgment is entered when duly signed and filed by the clerk,
   and the time to appeal begins to run whether costs have been
   taxed or not.  p. 469.

*On further hearing:*

6. Because of the confused state of the proof, it is assumed that
   the notice of entry of judgment served by the prevailing
   party states the true date of the entry of judgment.  p. 470.

APPEAL from a judgment of the circuit court for Wal-
worth county: CHESTER A. FOWLER, Judge. *Motion to
dismiss appeal denied.*

*Moss, Olds & La Rue,* attorneys, and *William R. Moss,*
of counsel, all of Chicago, for the appellant.

*Simmons, Walker & Wratten* of Racine, for the respond-
ents.

The following opinion was filed October 20, 1925:

CROWNHART, J.  This cause comes before this court on
a motion to dismiss the appeal from the judgment of the

circuit court for Walworth county, on the ground that said appeal was not taken within the time prescribed by law.

It appears that judgment by the circuit court was ordered in favor of the respondents on June 19, 1924; that on July 2, 1924, the judgment in form was dictated by the attorneys for the respondents, and the same prepared and forwarded to the clerk of the circuit court for entry on July 5, 1924; that the clerk of the circuit court received and filed said paper on the 5th day of July, 1924; that the paper so received and filed bears date July 2, 1924; that on the 5th day of August, 1924, the clerk taxed the costs in said action and docketed the judgment therein in the judgment docket, and that in said judgment docket he gave the date of entry of the judgment as of July 2, 1924. It stands admitted that the signature of the clerk was not affixed to the judgment prior to July 5th, and there is no proof, other than the records here stated, when the signature was actually affixed to the judgment. The appeal was taken on August 4, 1925. The question before us, therefore, is whether or not judgment was entered in said cause prior to August 5, 1924.

Sec. 3039 of the Statutes provides that the time within which an appeal may be taken from a judgment of the circuit court to the supreme court "is limited to one year from the date of the entry of such judgment," irrespective of the time when the costs are taxed.

The statutes require the clerk of the circuit court to keep a "court record" wherein he should enter a complete history of the case, and enter the volume and page of the record of judgments, where any judgment has been entered (sub. (2), sec. 59.39); to keep a book to be called a "judgment and order book" and to record therein all judgments (sub. (5), sec. 59.39); to enter the judgment in the judgment book, specifying clearly the relief granted or other determination of the action (sec. 2897); immediately after entering the judgment, to make up a judgment roll (sec. 2898); and, at

the time of filing the judgment roll, to enter the judgment in the judgment docket, among other things giving the date of the entry of the judgment, and the day and hour of the · entry of the judgment on the docket (sec. 2899).

It is established by competent proof that the clerk did not make any of the entries so required, save the entry on the judgment docket, and that the entry on the judgment docket giving the date of the entry of the judgment was not true in fact. There is a presumption of regularity of official acts, but it is only a presumption, which fails when rebutted by clear and satisfactory proof. From the records in this case we have no proof that the judgment was signed or entered prior to August 5, 1924. The cause was not entered on the court record. It was nowhere indexed, and the files of the case were not kept in the vaults but were found mislaid on top of the vaults, wrapped in an unmarked paper. It does not appear that any judgment roll was ever prepared by the clerk.

The authorities generally make a distinction between rendition of a judgment and the entry of a judgment, the rendition of a judgment being the official pronouncement of judgment by the court, and the entry of a judgment being the ministerial act by the clerk. 1 Freeman, Judgments (4th ed.) § 38; 1 Black, Judgments, § 106; 7 Words & Phrases, 6083; 23 Cyc. 835; 15 Ruling Case Law, 578. In *Haseltine v. Simpson,* 61 Wis. 427, at p. 431 (21 N. W. 299, 302), this court said:

"To construe this or similar statutes of limitation, too much stress must not be given to such words as 'rendition' or 'entry,' as applied to the judgment. In sec. 3039, R. S., both of these terms are used to designate the same time. The time of appeal or writ of error 'is limited to two years from the *entry* of such judgment, except when the party is under disability when such judgment is *rendered,* or at the time of the *rendition* thereof,' etc. They are here used interchangeably. . . . Many other statutes may be found

where the same or other words are used, and they may have the same or a different meaning as they are used in the statute."

In that case the court leaned to the construction that preserved the right of appeal.

"The promptings of the most ordinary prudence suggest that whatever, in the affairs of men, has been so involved in doubt and controversy as to require judicial investigation ought, when made certain by a final determination, to be preserved so by some permanent and easily understood memorial. Hence all courts and all tribunals possessing judicial functions are required by the written or unwritten law, and often by both, to reduce their decisions to writing in some book or record kept for that purpose. The requirement is believed to be of universal application. So that if any judgment or decree of any court, whether of record or not of record, whether subordinate or appellate, fails to be entered upon its records, the failure is attributable to the negligence or inadvertence of its officers, and not to the countenance and support of the law.

"While the entry is not the judgment, its absence tends strongly to indicate that no judgment exists, and in doubtful cases may be sufficient to sustain the issue that whatever has been done has been but preliminary to judgment." 1 Freeman, Judgments (4th ed.) § 37.

The statutes heretofore cited show a legislative policy in Wisconsin conforming to the general principles stated by Mr. Freeman. Permanent records are provided for the entry of judgments, orders, and decrees of the court, and the clerk is specifically directed to enter all judgments in said records.

In Minnesota the statutes are very similar to those of Wisconsin; and the courts there have held that even though a judgment roll is filed containing what purports to be a copy of the judgment, still there is no judgment until it is entered in the judgment book. *Maurin v. Carnes,* 71 Minn. 308, 74 N. W. 139. North Dakota, with similar

statutes, has held to the same effect. *In re Weber,* 4 N. Dak. 119, 59 N. W. 523, 28 L. R. A. 621, and note. Also see *Schenectady & S. P. R. Co. v. Thatcher,* 6 Howard's Prac. Rep. 226. This court has pretty plainly indicated its position to the same effect. In *Andrews v. Welch,* 47 Wis. 132, 134, 2 N. W. 98, the court said:

"We have no hesitation in holding that the judgment referred to in this section [3162, R. S. 1878] is the formal entry of the judgment by the court through its clerk, and not the making and filing of the findings of fact and conclusions of law required to be made and filed by the judge before whom the action is tried. The judgment here referred to is the same judgment which, by the provisions of sec. 2897, R. S. 1878, the clerk is required to enter in the judgment book."

We conclude that a judgment is not entered, within the meaning of sec. 3039, until it has been entered by the clerk upon the "judgment and order book," as required by sub. (5), sec. 59.39, and sec. 2897, Stats. It follows that no judgment was entered in this case prior to August 5, 1924, and that the appeal was timely.

*By the Court.*—The motion to dismiss the appeal is denied.

The following opinion was filed January 2, 1926:

JONES, J. The decision on the original motion to dismiss the appeal in this case will be found *ante,* p. 461, 205 N. W. 388, and the facts as they appeared at that time and the statutes involved need not be restated. This is a motion, based on a new presentation of facts, for leave to renew the motion, combined with a motion to dismiss the appeal.

Counsel for the appellant do not claim that the former order is *res adjudicata* in the sense that this court has not the power to alter its ruling made *pendente lite* and before judgment. We are clear that the decision on the former

motion is no bar, although the court could decline to hear repeated motions to dismiss, especially if no new or important facts were presented. From the additional affidavits it appears among other things that counsel for the respondent upon the former motion relied upon the filing date being accepted by the court as the date of entry; that the affidavit of the present clerk of the circuit court for Walworth county used by the appellant on that motion was served too late upon counsel for the respondent to give him an opportunity to communicate with the former clerk and investigate the facts, prior to the hearing of the motion; that since the hearing he had made such investigation and found that the judgment was entered in its proper place according to dates in the record book in which all judgments and orders of the court are entered, and that investigation of the court records and practices in the clerk's offices throughout the First judicial district shows that there is no uniformity as to the name of the books in which judgments or orders are recorded, and that there is no way of ascertaining by any record entry the precise time when judgments and orders are spread at large on the records of the court unless the filing date is taken as the date of entry. Without stating in detail the additional affidavits, it appears from affidavits of the clerk and deputy who were in office in 1924 that the judgment was received and signed and filed by the clerk on July 5, 1924, and recorded promptly, within not to exceed three days, in the proper record book called the "journal," according to the date immediately following an order in another case dated June 30, 1924, and immediately preceding other orders and judgments bearing later dates in July and entered consecutively according to dates; that it was so recorded in the same record book in which all judgments and orders were customarily recorded, and entered in the index to the volume. It appears that the record books kept in the clerk's office in which judgments and orders are entered are not named

"judgment books" or "judgment and order books," but are called "journals."

It is well settled that the entry of a judgment or order in the wrong book does not affect its validity or conclusiveness. See cases cited in note in 28 L. R. A. 625. Counsel for the appellant cite numerous decisions of this court holding that before the amendment to sec. 3039 (now sec. 274.01) the two years within which an appeal or writ of error might be taken did not begin to run until costs were taxed and inserted or until the time within which they might be taxed had expired; in other words, until the judgment had been perfected. *Hoye v. C. & N. W. R. Co.* 65 Wis. 243, 27 N. W. 309, 310; *Joint School Dist. v. Kemen,* 68 Wis. 246, 32 N. W. 42; *Ballou v. C. & N. W. R. Co.* 53 Wis. 150, 10 N. W. 87. They argue that the legislature in making the amendment must be held to have had in mind the fact that this court had held that the statute of limitations did not begin to run until the judgment had been perfected by the insertion of costs and had been duly entered of record. In support of this view they cite two recent cases: *Elmergreen v. Kern,* 174 Wis. 622, 182 N. W. 947; *In re Rocky Run D. Dist.* 184 Wis. 557, 200 N. W. 384. In the first of these cases it was held that the amendment to the statute did not change the established rule that no appeal may be taken from a judgment before costs are inserted or forfeited by lapse of time. It was said, referring to the amendment:

"The language of the amendment clearly indicates that no other change was attempted to be effected than to change from *two* years to *one* year the time within which a writ of error may be issued or an appeal taken, and that such year shall begin to run immediately from the entry of a judgment regardless of the time when costs are taxed and inserted. The terms of the amendment clearly do not affect the question that a judgment is not appealable until perfected by the insertion of the costs of action." *Elmergreen v. Kern,* 174 Wis. 622, 182 N. W. 947.

As before, the appeal cannot be taken until the judgment is perfected, but the year begins to run immediately from the entry of judgment regardless of the time when costs are taxed and inserted. The second case last cited is not here applicable for the reason that it was governed by a special statute relating to appeals in drainage-district cases limiting the time of appeals to thirty days and which did not contain expressly or by reference the clause contained in the amendment under consideration. Any language used in that decision should be construed with reference to the statute to which it related.

It is argued by counsel for the appellant that the legislature intended by the amendment that the losing party should have one full year from the time when the judgment becomes appealable, and that by various circumstances a different construction might unduly shorten the time for appeal. But the language, "that such one year shall begin to run immediately from the entry of such judgment or order, and regardless of the time when the costs, if any, are taxed and inserted in such judgment or order," seems too plain to be wrested from its natural meaning by judicial construction. As appears from the former decision on the motion to dismiss the appeal, the word "entry" is sometimes used in the statute in different senses. Since the former decision it has been brought to our attention in various ways that it is the general understanding of the profession and has been such understanding for many years that the time when a judgment is entered is fixed by the time when, after it is duly signed, it is filed by the clerk. Perhaps we could take judicial notice of the fact of which we are reminded that it sometimes happens that there is considerable delay for various reasons after the filing of a judgment before it is written *in extenso* in the judgment and order book, as required by the statutes. It appears from the affidavits on this motion that there is not entire uniformity in the manner in which clerks of courts keep the several books required by the stat-

utes, and that in some counties some of the required books
are not kept at all.   There is no statute which defines the
words "entry of judgment."   In the former opinion the
court sought to arrive at the meaning of the sections of the
statutes relating to the time when a judgment is entered,
and if the language of the statutes were construed strictly
and literally the court would adhere to the former conclu-
sion.   As is shown in the briefs in this case, careful analysis
of the statutes on this subject may lead to quite different
conclusions.   Under such circumstances the acquiescence
and understanding long entertained by the profession as to
the meaning of a statute are of importance.

   It is very clear that there should be some act which defi-
nitely fixes the time of entry of a judgment in order that
parties may not rest in doubt as to so important a right as
that of appeal.   The rights of parties when judgments for
divorce are rendered form an illustration among others
which might be mentioned.   In view of facts which have
come to our attention since the former decision, we have
come to the conclusion that the true rule to adopt is that a
judgment is entered when duly signed and filed by the clerk,
and that according to the amendment the time for appeal
then begins to run whether the costs have been taxed or not.
There is force in the view that so solemn an instrument as
a judgment should at once be described or designated in
some permanent volume.   The statute provides for a "court
record," and we understand that it is the practice of clerks
at the time the judgment is filed to make an entry in this
volume.   Such an entry should be so made contemporane-
ously with the filing of the judgment in a volume kept for
that and other purposes and properly indexed, although as
already stated the judgment is entered when signed and
filed.   The construction of the statute adopted in the former
opinion may be more logical, but in view of the practical
construction which for many years has been given to the
statute by the profession, we construe the statutes as already

indicated. It may be added that the federal courts hold that the time for taking writs of error begins to run from the time when the judgment is signed and filed. *Polleys v. Black River Imp. Co.* 113 U. S. 81, 5 Sup. Ct. 369; *Providence R. Co. v. Goodyear,* 6 Wall. (73 U. S.) 153; *First Nat. Bank v. Yerkes,* 238 Fed. 278; *Marks v. Northern Pac. R. Co.* 76 Fed. 941.

There can be no doubt, on the new facts presented, that the judgment was duly signed and filed and also recorded in full at such times. that the appeal was taken too late, even if the statute were to be construed as in the former decision. It necessarily follows that the former order of this court denying the motion of the respondent should be vacated and the appeal should be dismissed.

*By the Court.*—The order denying the dismissal of the appeal is vacated, and the appeal is dismissed.

The following opinion was filed March 12, 1926:

PER CURIAM. Upon the application of the attorneys for the plaintiff both parties .were permitted to furnish additional proof as to the time of the entering of the judgment of the trial court and to reargue the merits of the motion to dismiss the appeal. The proof before us is so conflicting that we are unable therefrom to determine the true date of the entry of the judgment, or, as held in our last opinion written by Mr. Justice JONES, the date of its filing. It has indorsed upon it, "Filed July 5, 1924, E. J. White, Clerk," but that is manifestly not in the handwriting of Mr. White. We deem it desirable not to enter into a discussion of the nature of the proof adduced, or the reasons why it is so unsatisfactory.

In view of such state of the proof we shall assume that the notice of the entry of the judgment duly served and filed by defendants' attorneys states the true date. The notice alleges that the judgment was rendered on the 2d day

of July, 1924, and "was duly entered in the office of the clerk of the circuit court for Walworth county, Wisconsin, on the 5th day of August, 1924." Taking this as the date of the entry of the judgment, it follows that the appeal was taken in time, and that the motion to dismiss the appeal must be denied. In reaching this conclusion we do not in any way overrule or limit the law as to when a judgment is entered as laid down in the opinion written by Mr. Justice JONES. We simply reach a different result as to the true date of the entry of the judgment.

The last mandate entered herein is vacated, and it is ordered that the motion to dismiss the appeal be and the same is hereby denied, with costs.