GEORGE P. DELAPLAINE and ELISHA BURDICK, Plaintiffs in Error.

7  407
102  388

*vs.*

THE CITY OF MADISON, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

A writ of error does not lie in equity cases, since, any more than previous to the adoption of the code.

Though the writ of error is preserved by the constitution, its scope and functions are not extended by the code.

Under the code an appeal lies from a judgment in all cases, but the writ of error is only applicable to what was before judgments at law.

This was a complaint as in equity filed in the Dane Circuit Court subsequent to the adoption of the code, and prosecuted to a final decree or judgment.

The plaintiffs' counsel brought a writ of error, insisting that inasmuch as the code had abolished all distinction between suits at law and in equity, and as the constitution provided that writs of error should never be prohibited by law, he was entitled to his writ of error in all cases.

*J. G. Knapp,* for the plaintiffs in error.

*S. U. Pinney,* for the defendant in error.

*Per Curiam.* The code does not enlarge the functions of a writ of error. This writ is peculiarly applicable to suits at law. Although the code provides for an appeal in all cases, yet it does not extend the writ of error to cases which, before its adoption were of pecular equitable cognizance. The constitution preserves the writ as it was before the code, but no further. The writ of error must be dismissed.