January Term, 1861.

Howes et al.
v.
Buckingham et al.

---

### Howes and another vs. Buckingham and another.

An action by judgment creditors to have land which has been conveyed to the wife of their debtor adjudged to be holden by her as trustee for them, on the ground that such conveyance was taken in the name of the wife for the purpose of defrauding such judgment creditors, is such an action as was formerly denominated equitable.

Such an action cannot be brought to this court by writ of error, but by appeal only.

The Code has not enlarged the functions of the writ of error.

ERROR to the Circuit Court for *Racine* County.

The plaintiffs in error brought their action in the court below, alleging that they were judgment creditors of the defendant *William Buckingham;* that certain land in the city of Racine had been conveyed to the defendant *Maria Buckingham,* wife of said *William,* and continued to be held in her name, but that said *William* had paid the purchase money therefor, &c.; and that the conveyance was taken in the name of said *Maria* for the purpose of defrauding the creditors of said *William;* and demanding that said land be adjudged to be held by the said *Maria* in trust for the plaintiffs, as such judgment creditors, and that the same be sold, &c. An answer was filed. When the cause came on for trial, the circuit court dismissed the action for want of jurisdiction, on the ground that it was a creditor's bill.

*Judd & Joy,* for plaintiffs in error.

*Cary & Pratt,* for defendants in error.

*By the Court,* COLE, J. This is unquestionably what would be considered an equity case under the old practice. It has been brought to this court by a writ of error. A motion has been made to dismiss the writ, on the ground that it does not lie in an equity case. We think the writ improvidently issued, and that the motion must prevail. In the case of *Delaplaine et al. vs. The City of Madison,* 7 Wis., 407, we held that the Code did not enlarge the functions of a writ of error. It would undoubtedly have been abolished by that enactment, had it not been for the provision of the constitution which declared that it should never be prohibited. This is very obvious from the fact that it was provided that it should not be necessary to issue a writ of error to bring up any judgment or order for review before the supreme court, but that the same might be reviewed by a proceeding denominated an appeal. Code, sec. 230; R. S. 1858, chap. 139, sec. 1. This clearly indicates the intention to do away entirely with the necessity of suing out a writ of error in any case, and is wholly inconsistent with the idea that the office of a writ of error was extended by this legislation.

There can be no doubt that under the old practice, the

January Term,
1861.

appropriate mode of removing equity cases to the appellate court was by an appeal, and not by a writ of error. *The San Pedro*, 2 Wheaton, 132; 3 Daniell's Chan. Prac., p. 1634, et seq.; *McCollum vs. Eager*, 2 How. (U. S.), 61; 2 Daniell's Chan. Prac., 1220; Maddock's Ch. Pr., 573.

Now, since the Code has not extended the office of a writ of error, it is very manifest that the parties have not adopted a proper mode of removing this case to this court.

Motion to dismiss the writ of error sustained.