SHANNON and another vs. THE STATE OF WISCONSIN.

An action to restrain the defendants from maintaining a dam in such a manner and at such a height as to obstruct the plaintiffs in the use and enjoyment of their mill, is an equitable action.

An order of court adjudging the defendants guilty of a contempt in violating an in-

junction granted in such an action, and directing them to pay a certain sum within a time specified, as damages to the plaintiffs for such violation, and that in default of such payment they be imprisoned—cannot be reviewed upon a writ of error, but only upon appeal.

APPEAL from the Circuit Court for *Portage* County.

On the 5th of December, 1859, Peter Grover filed his affidavit in said court, stating that a judgment was rendered therein at the November term, 1858, in an action wherein affiant and one Bancroft were plaintiffs, and *A. M. Shannon* and *Seth Thompson* (the defendants in this action) were defendants; that by said judgment defendants were perpetually enjoined from maintaining a certain dam across Waupacca river, in such a manner and at such a height as to flow back the waters of said river upon a certain mill site and mill of said plaintiffs so as to affect the use thereof; that copies of said judgment were served upon said defendants by the sheriff of said county, March 3d, 1859, and that the sheriff also removed a portion of the slash boards of defendant's dam so as to draw off the waters of said river in such manner that they ceased to flow back upon the mill of said plaintiffs; but that on the 3d of December, 1859, said defendants knowingly and wilfully kept and maintained their said dam in such manner and at such a height as to flow back the waters of said river upon the mill of said plaintiffs, and obstruct the running of the machinery, to the great injury of said plaintiff, and in contempt of said court. This affidavit was indorsed, "*State of Wisconsin v. Alex. M. Shannon et al.*" On the day it was filed, the clerk of said court issued a writ of attachment against the persons of the defendants, as for a contempt; the writ reciting said judgment of injunction, and the violation of it by defendants as alleged in Grover's affidavit. Indorsed upon the writ was an order by the circuit judge, that each of the defendants be held to bail in the sum of $250 for his appearance at the next term of said court. After various proceedings, omitted here, the defendant *Shannon* moved to quash the writ, on the ground that the court

had not obtained jurisdiction of the persons of the defendants, because, (1st.) The attachment was issued by the clerk in vacation, and not awarded by *the court* upon due and satisfactory proof of the facts complained of. (2d.) There was no service on the defendants of the affidavits on which the attachment issued, as required by sec. 3, ch. 149, R. S. (3d.) There was no proper allowance of the writ. (4th.) This is a civil action, and is not properly brought nor properly entitled. It should appear by the title that the action was commenced upon the relation of a party injured or aggrieved. The motion was denied; and the defendant *Shannon*, by his answer to written interrogatories filed by the plaintiff's attorneys, having denied the alleged contempt, the cause came on for a hearing at the spring term of said court in 1863, and the following order or judgment was entered: "This case having been brought on for a trial, and this court having taken testimony therein to prove the alleged contempt; and after hearing counsel as well for the state as for the defendants, it is the order and the judgment of the court now here, that the said defendants are guilty of the contempt charged against them for the breach of the injunctional order made by this court in the case of Asa H. Bancroft & Peter Grover v. Shannon and Thompson; and it is further ordered by this court now here, that for and on account of such contempt and the consequent injury to the said Asa H. Bancroft and Peter Grover by means of such contempt, it is the order and judgment of this court, that the said defendants pay to the said Bancroft and Grover the sum of one hundred dollars for their damages sustained by the illegal and contemptuous acts of said defendants charged in the complaint in this case, and also pay the costs herein to be taxed, all to be paid within sixty days after the making of this order, and that in default of such payments the said defendants be imprisoned" &c.—To reverse this decision the defendants sued out their writ of error.

*W. C. & H. G. Webb*, for plaintiffs in error.

*Geo. B. Smith,* for defendant in error, contended that the general rule is, that there is no appeal from a conviction for contempt, and cited *State ex rel. Chappel v. Giles,* 10 Wis., 101; *Ex parte Kearney,* 7 Wheat., 38.

*By the Court,* COLE, J.  It is very manifest that the case of *Grover et al. v. Shannon et al.,* was a suit on the equity side of the court.  It was an action brought by the plaintiffs to enjoin and restrain the defendants from keeping up and maintaining a dam in such a manner and height as to obstruct the plaintiffs in the use and enjoyment of their mill.  The cause was one of equitable cognizance, and called for the remedial interposition of a court of equity.  An injunction, it appears, was granted in the case.  And this is a proceeding against the defendants in that suit for violating such injunction.

The plaintiffs made an application for an attachment against the defendants, and, after various proceedings therein, which it is not necessary to notice, the court adjudged the defendants to be guilty of the contempt charged against them for a breach of the injunction granted in the cause, and ordered them to pay one hundred dollars to the plaintiffs, for their damages sustained for violating the injunction, together with costs, within sixty days, and in default of such payment that they be imprisoned in the county jail until such payment was made. And a writ of error has been sued out for the purpose of bringing this order and commitment before us for review. The question which first presents itself is, whether a writ of error lies in such a case?  We have been referred to no case which sanctions the practice here adopted.  If a review of the regularity of the order adjudging the defendants guilty of a contempt for violating the injunction in the chancery suit, could be had, it must be by an appeal from that order.  A writ of error did not lie to bring up for review a decree or order in a chancery suit under the former practice, and this court has decided that the code does not enlarge the functions of a writ

of error. *Delaplaine et al. v. The City of Madison*, 7 Wis., 407; *Hawes et al. v. Buckingham et al.*, 13 id., 442. The usual course is to appeal in such cases, and we suppose this to be the correct practice. See *People v. Sturtevant*, 5 Selden, 264; *The People v. Compton et al.*, 1 Duer, 512–570; *McCredie v. Senior*, 4 Paige, 378; *Buel v. Street*, 9 Johns., 442.

The writ of error must be dismissed.