THE FARMERS FIRE INSURANCE COMPANY, Plaintiff in error, vs. CONRAD and another, Defendants in error.

*February 21 — March 14, 1899.*

*Writ of error: Garnishment: At law or in equity?*

1. A writ of error will lie only after judgment in an action at law, and cannot be used to review judgments in equitable actions.
2. A proceeding by garnishment to reach nonleviable property or assets is essentially equitable.

ERROR to review a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Writ dismissed.*

*W. S. Conrad* commenced an action in the circuit court for Eau Claire county against *Thomas F. Dowling,* and summoned the plaintiff in error as garnishee. The latter had insured property belonging to *Dowling,* which had been destroyed by fire, and *Conrad* was seeking to secure payment of a debt due him from *Dowling* by the garnishment proceedings. The garnishee answered, denying liability. Issue thereon was taken, but it was finally determined that the garnishee was not liable, and a stipulation was made that the proceedings should be dismissed with costs. Judgment of dismissal was duly entered, and costs taxed at $48.72. Upon a motion to review such retaxation, the court disallowed all items for taxable costs, and allowed judgment to stand for $8.35 disbursements. The garnishee seeks to review the action of the circuit court by this writ of error.

For the plaintiff in error there was a brief by *Doolittle & Shoemaker,* and oral argument by *L. A. Doolittle.*

For the defendants in error there was a brief by *Geo. C. & Fred A. Teall,* and oral argument by *Fred A. Teall.*

BARDEEN, J.   Sec. 21, art. I, of the constitution provides that "writs of error shall never be prohibited by law." In

*Buttrick v. Roy*, 72 Wis. 164; it was said that this constitutional provision renders the writ inviolate, and preserves it to the citizen as it existed when the constitution was adopted. *Jackson v. State*, 92 Wis. 422, is to the same effect. There is, however, no constitutional provision or statutory enactment enlarging its scope or increasing its functions. It lay then, as it only lies now, after judgment in any action at law in a court of record, to correct some supposed mistake in the proceedings or judgment of the court. It was never granted to review a judgment in an equitable action. *Delaplaine v. Madison*, 7 Wis. 407; *Howes v. Buckingham*, 13 Wis. 442; *Shannon v. State*, 18 Wis. 604; *Costello v. Buch*, 25 Wis. 477; *Crocker v. State*, 60 Wis. 553. Sec. 3043, Stats. 1898, provides that writs of error may issue to review final judgments in actions triable by jury, except actions for divorce. Thus, it will be seen, both by statute and decision, that a writ of error will only lie after judgment in an action at law, and cannot be used to review judgments in equitable actions. Therefore, if it be determined that this is an equitable action, the writ of error must be dismissed. This question has been raised in this court in several cases, and decided, so that it becomes unnecessary to discuss it at this time. In *La Crosse Nat. Bank v. Wilson*, 74 Wis. 391, the conclusion arrived at is that a proceeding by garnishment to reach nonleviable property or assets formerly reached by a creditors' bill is essentially equitable, and the issues therein are triable by the court. *Delaney v. Hartwig*, 91 Wis. 412, holds the same doctrine. And see *T. T. Haydock C. Co. v. Pier*, 78 Wis. 579. There can be no doubt but that *Conrad* was seeking to secure what is termed "nonleviable assets" in the hands of the plaintiff in error. This marked the proceeding as distinctly equitable in its nature, and hence the judgment entered therein cannot be reviewed in this court by writ of error. While no formal motion to dismiss the writ has been

made, it being apparent that the writ was improvidently issued, the court feels bound to decline to hear the case on its merits, and to dismiss the writ.

*By the Court.*— So ordered.