THOMAS L. ALDRIDGE *et al.* Appellants, *vs.* W. SCOTT MATTHEWS *et al.* Appellees.

*Opinion filed December 17, 1912—Rehearing denied Feb. 5, 1913.*

1. DRAINAGE—*jurisdiction of the circuit court is not limited to organization of farm drainage districts.* Under the act of 1909, giving to circuit courts concurrent jurisdiction with county courts in the matter of organizing farm drainage districts and farm drainage and levee districts, such jurisdiction is not confined to the organization of districts under the Farm Drainage act, but includes districts to be organized under the Levee act.

2. SAME—*what is a sufficient description of one point of district's boundaries.* The description of one point of the boundaries of a drainage district as "the high-water mark of 1903" is sufficient, where engineers testify that such mark still exists and can be determined within a couple of inches, and that a competent surveyor can locate the boundary lines of the district.

3. SAME—*what objections to the petition and notice are too refined for practical use.* Objections to the petition and notice in a drainage case, to the effect that the petition only gave the *proposed* boundaries of the district whereas the statute requires it to give the boundaries, and that the notice recited that the petition was presented to and filed with the clerk of the circuit court, whereas the statute requires the notice to state in what court the petition was filed, are too refined for practical use.

4. SAME—*what are not substantial objections to petition and affidavit.* Objections that a drainage petition is insufficient because it states that the petitioners represent the major portion, in area and acreage, of the land lying within the boundaries of the proposed district, instead of the land to be reclaimed or benefited, and that the affidavit, which stated that the petitioners represented the major portion of the lands proposed to be reclaimed or benefited, omitted the words "in area," are not substantial ones.

5. SAME—*section 16 of the Levee act, concerning effect of reversal, applies to orders of organization previously entered.* Section 16 of the Levee act, providing that a reversal, upon writ of error, of an order organizing a drainage district, shall not impair or invalidate the organization as to other persons not suing out the writ, applies to orders of organization entered before said section took effect, as a writ of error is a new suit and the statute then in force controls the effect of a judgment of reversal.

6. SAME—*effect of judgment of Supreme Court holding organization order void.* A judgment of the Supreme Court holding that' an order organizing a drainage district is void for want of jurisdiction establishes nothing as to persons who were not parties to the writ of error in the Supreme Court, but when the claim is set up, to defeat the organization of another district, that part of the land is embraced in the former district, the objectors making such claim have the burden of proving it affirmatively, and the petitioners who were not parties to the writ of error and who have not estopped themselves to dispute the existence of the former district may introduce the record, in connection with the judgment, to show that the order organizing the former district was void and that therefore there was no such district in existence.

7. SAME—*what does not work an estoppel to deny existence of a district.* The fact that a drainage district, organized under an order of the county court which was void for want of jurisdiction, had become indebted before the order was declared void on writ of error, does not work an estoppel against anyone who did not participate in some way in the organization of the district or the creation of the debt, to deny the existence of the district when its existence is asserted to defeat the organization of another district embracing part of the lands included in the former.

8. SAME—*when objection that order organizing district is void may be urged against collection of assessment.* Where an order organizing a drainage district is held void by the Supreme Court, on writ of error, because the county court was without jurisdiction, the persons who were plaintiffs in error may dispute the organization of the district in a proceeding to collect an assessment.

9. JUDGMENTS AND DECREES—*a void judgment may be ignored.* A judgment of a court entered without jurisdiction is a nullity, and may be called in question at any time and by any person without resorting to an appeal or writ of error to secure a reversal; and such a judgment, being void, may be ignored or disregarded by any person not estopped in some way or precluded by his own act from questioning it.

VICKERS, J., dissenting.

APPEAL from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

R. J. STEPHENS, for appellants.

A. NEY SESSIONS, JAMES LINGLE, and RAY, DOBBINS & DOBBINS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition by Thomas L. Aldridge and seventeen others, ten of whom are appellants, praying for the organization of a drainage district under the act commonly known as the Levee act, was filed in the circuit court of Union county. The appellees appeared and filed objections. The court sustained several of the objections and dismissed the petition at the costs of the petitioners, from which judgment this appeal was prosecuted.

The first objection was that the circuit court had no jurisdiction to organize a drainage district under the Levee act, and, although this objection was not sustained by the court, it is contended that the judgment was right because of the want of jurisdiction. The act of 1909 (Laws of 1909, p. 171,) gives to circuit courts concurrent jurisdiction with county courts in all matters pertaining to the organization of farm drainage districts and farm drainage and levee districts, and the argument is, that farm drainage and levee districts do not include districts organized under the Levee act with drains, ditches and levees for agricultural, sanitary and mining purposes. A district organized under the Farm Drainage act could not be called a farm drainage and levee district. As farm drainage is equivalent in meaning to drainage for agricultural purposes, a district organized under the Levee act may properly be called a farm drainage and levee district. The circuit court had jurisdiction.

One objection urged was that the boundaries of the district were not given with sufficient definiteness, the particular objection being that one point was the high-water mark of 1903. The engineers testified that the high-water mark still existed and could be determined within a couple of inches, and that a competent surveyor could locate the boundary lines. The description was sufficient.

Several petty and hypercritical objections were made to the petition, notice and affidavit, such as that the petition only stated the proposed boundaries of the district, whereas the statute required it to give the boundaries; and that the notice was insufficient because it recited that the petitioners presented and filed the petition with the clerk of the circuit court, while the statute required the notice to state in what court the petition was filed. It is also contended in the argument that the petition was not sufficient because it stated that the petitioners represented the major portion, in area and acreage, of the land lying within the boundaries of the proposed district, whereas the statute required that they should represent the major portion, in area, of the land to be reclaimed or benefited; also, that the affidavit accompanying the petition, which stated that the petitioners represented a major portion of the lands proposed to be reclaimed or benefited, omitted the words "in area," and might mean that the lands of the petitioners were more valuable than the remaining lands. None of these objections have substance or are of any importance and are too nice and refined for practical use. The petition, notice and affidavit were sufficient.

The substantial objection interposed was, that part of the lands were already a part of the Clear Creek Drainage and Levee District. A part of the petitioners were plaintiffs in error in *Aldridge* v. *Clear Creek Drainage and Levee District,* 253 Ill. 251, where it was decided that the county court had no jurisdiction to organize that district for want of a petition complying with the statute, and

that its order organizing the same was void. So far as they were concerned the order was set aside and annulled and held for naught, but there were other petitioners who were not plaintiffs' in error in this court, and section 16 of the Levee act provides that a reversal, upon writ of error, of an order organizing a district shall not impair or invalidate the organization as to other persons not suing out the writ. Counsel for the appellants is of the opinion that the statutory provision does not apply to this case because the order reversed was entered before the statute was enacted, in 1909. The suing out of the writ of error was the beginning of a new suit, and the statute regulating the effect of the reversal was then in force and controlling the judgment of reversal. The General Assembly, in regulating writs of error, had power to provide that the reversal should not affect anyone who did not join in suing out the writ, and under the statutory provision the judgment on the writ of error was no evidence in favor of those who were not parties to the writ. That judgment established nothing as to those who were not parties in this court, but the record, in connection with the decision of this court, was offered in this proceeding, and showed that the county court had no jurisdiction to organize the Clear Creek Drainage and Levee District. A judgment of a court entered without jurisdiction is a nullity, and may be called in question at any time and by any person without resorting to an appeal or writ of error to secure a reversal. Such a judgment, being void, may be ignored or disregarded by any person not estopped in some way or precluded by his own act from questioning it. There was no evidence that any signer of the petition or those whom they included in the drainage district were estopped in any way or under any disability to assert the void character of the former order. The fact that the district had become indebted would not work an estoppel against anyone who

did not participate in some way in the organization of the district or the creation of the debt.

It is contended that the Clear Creek Drainage and Levee District was a *de facto* corporation; that the organization of the district could not be questioned on an application for the collection of an assessment, and therefore the commissioners could still exercise their authority over the lands within its boundaries and a new district could not include them. A proceeding to collect an assessment is collateral to the judgment organizing a district, and the same rule applies as in the case of any other ·municipal corporation, that it is not required to prove its existence in such proceeding. It would be intolerable that any municipal corporation should be required to make such proof whenever it seeks to impose a fine or collect a penalty, tax or assessment. (*Trumbo* v. *People,* 75 Ill. 561; *Osborn* v. *People,* 103 id. 224; *Blake* v. *People,* 109 id. 504; *People* v. *Dyer,* 205 id. 575; *Evans* v. *Lewis,* 121 id. 478.) The ground of these decisions is, that the court is not authorized in such a proceeding to inquire into the organization of a district, but we see no reason why a party who has not estopped himself in any way may not dispute the existence of a district on the ground that the court had no jurisdiction to organize it when the claim is set up to prevent the organization of a legal and valid district. This proceeding was begun to organize a drainage district. Certain persons appeared and objected on the ground that there was an existing district which included the lands of the petitioners. The issue there was whether there was such an existing district, and the objectors had the burden of proving the affirmative. The issue was direct, and if decided in the negative the judgment would be conclusive. The proof was that the court organizing the alleged district acted without jurisdiction, and the legal conclusion was that its order was void. Counsel not only claim that the district still existed, but also that the lands of Aldridge and others

who were the plaintiffs in error in this court are subject to assessment because they cannot dispute the organization of the district upon an attempt to collect an assessment. That is not so, for the reason that there has been an adjudication by this court, conclusive as between the parties to the writ of error, that the order organizing the district was void and that there is no district. When there has been such an adjudication in a proper proceeding the. objection may be interposed against the collection of an assessment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE VICKERS, dissenting.