THE PEOPLE *ex rel.* Richard Williams *et al.* Appellants, *vs.*
Rolla M. Darst *et al.* Appellees.

*Opinion filed October 16, 1914—Rehearing denied Dec. 8, 1914.*

1. QUO WARRANTO—*when a plea is to be taken as extending to
whole information.* The course of pleading in *quo warranto* is
the same as in other forms of actions at common law, and hence
a plea to the information is to be taken as extending to the whole
charge of the information, unless it is expressly limited, in its be-
ginning, to a part of the charge, only.

2. SAME—*when motion for judgment nil dicit is properly de-
nied.* A motion for judgment *nil dicit* on a plea to an information
in *quo warranto* is properly denied, where the plea is not limited
to a part of the charge, only, but is filed to the whole information,
and if good in substance it constitutes a defense both to·the charge
of usurping the office of drainage commissioners and to the charge
of usurping the corporate powers, privileges and franchises of a
drainage district.

3. SAME—*when benefit of motion to strike portions of plea is
waived.* The benefit of a motion to strike portions of a plea to an
information in the nature of *quo warranto* is waived, where the
matters complained of are of such a character that full advantage
can be taken of the same by special demurrer and a special de-
murrer is filed.

4. SAME—*plea of justification must affirmatively show a valid
title to office.* In a proceeding in the nature of *quo warranto* the
defendant must either disclaim or justify, and if he justifies his
plea must show affirmatively a valid title to the office, and if the
plea seeks to justify by some proceedings in court it must show
jurisdiction in that court of such proceedings.

5. SAME—*when order organizing drainage district may be at-
tacked in a quo warranto proceeding.* If the final order organiz-
ing a levee drainage district was entered by the county court after
it had lost jurisdiction such order ·may be attacked in a *quo war-
ranto* proceeding, notwithstanding section 16 of the Levee act gives
the land owners a remedy, by appeal or writ of error, to review
such final order.

6. SAME—*when land owners are not estopped to attack final
order organizing drainage district.* Land owners are not estopped
to attack the final order organizing a levee drainage district, where
their only participation in the proceedings after the order was
made was on the hearing of the matter of assessments and bene-
fits, at which time they appeared specially and limited their ap-
pearance to questioning the jurisdiction of the court to proceed.

7. DRAINAGE—*what should be contained in the petition.* The Levee act contemplates that the petition to organize a district shall describe the proposed improvement with sufficient certainty to enable the land owners to judge of the necessity and propriety of the proposed work and of the advantages or disadvantages which will result from the proposed improvement, and it does contemplate that the details of the practical construction of the work shall be set forth.

8. SAME—*when court loses jurisdiction to enter final order.* If the county court, after appointing commissioners on a petition to organize a levee drainage district, fails to continue the cause to a day certain it loses jurisdiction, and its subsequent final order organizing the district is a nullity and may be attacked in a *quo warranto* proceeding.

9. APPEALS AND ERRORS—*matters not a part of the record can not be considered.* The Supreme Court is a court of review and on appeal can consider only such matters as are a part of the record and proceedings in the court below.

APPEAL from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

MILES K. YOUNG, State's Attorney, and W. B. LEACH, (CHAS. L. CAPEN, LESTER H. MARTIN, F. Y. HAMILTON, and WIGHT & ALEXANDER, of counsel,) for appellants.

WELTY, STERLING & WHITMORE, and A. M. HESTER, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an information in the nature of *quo warranto* by the State's attorney of McLean county, Illinois, in the circuit court of that county, on the relation of Richard Williams and sixteen other land owners and residents of the county, the majority of whom are owners of land in an alleged drainage district, against Rolla M. Darst, Henry A. Welch and William McKever, requiring them to show by what warrant or right they exercise the corporate powers, privileges and franchises of drainage commissioners of a

supposed drainage district known as the Mackinaw Drainage District, in that county. The object of the proceedings is to test the legality of the organization of the drainage district, which includes land both in McLean county and the adjoining county of Ford.

The information contains two counts. The first count charges appellees with usurping and exercising the corporate powers, liberties, privileges and franchises of a supposed drainage district known as the Mackinaw Drainage District, in McLean county, and requires them to show by what warrant they exercise such corporate powers, privileges, liberties and franchises. The second count charges the appellees with unlawfully holding and executing the rights, powers, duties and privileges of drainage commissioners of a supposed drainage district known as the Mackinaw Drainage District, and requires them to show by what warrant they hold, use and enjoy such corporate powers, privileges, liberties and franchises, and by what warrant or right they claim to hold, use and execute the powers, liberties and privileges of such drainage commissioners. Appellees appeared and filed a plea of justification to the information, in which they set forth certain proceedings had under the Levee act in the county court of McLean county, resulting in a final order in that court declaring certain territory therein described organized into a drainage district, known as the Mackinaw Drainage District, in that county. Thereupon appellants moved for judgment *nil dicit* as to the second count of the information, which motion the court overruled. Appellants then moved to strike out certain portions of the plea, which motion the court also denied. Thereupon appellants filed a special demurrer to the plea. The court overruled the demurrer, and appellants electing to abide by their demurrer, the court entered judgment on the demurrer in favor of appellees, finding the respondents not guilty and taxing the costs to the relators. This appeal followed.

The errors assigned are: (1) That the court erred in denying the motion of the People for judgment *nil dicit;* (2) that the court erred in denying the People's motion to strike out certain portions of appellees' plea; (3) that the court erred in overruling the People's demurrer to appel- lees' plea; (4) that the court erred in rendering judgment in favor of the appellees and against the People; and (5) that the court erred in rendering judgment against the re- lators for costs. The errors assigned will be considered in the order above indicated.

The plea, on its face, purports to answer the whole in- formation. It sets forth the filing of the petition in the county court for the organization of the drainage district and the order entered thereon appointing appellees commis- sioners to lay out and construct the proposed improvement, as provided by section 5 of the Levee act. (Hurd's Stat. 1913, p. 922.) It also sets forth certain proceedings there- after had in the county court, resulting in an order in that court declaring the territory over which appellees are as- suming to exercise jurisdiction as drainage commissioners organized into a drainage district, known as the Mackinaw Drainage District, in that county. It will thus be seen that the plea filed is to the whole information, and, if good in substance, constitutes a defense both to the charge of the usurpation of the office of drainage commissioners and of usurping the corporate powers, privileges and franchises of a drainage district. Under these circumstances it would have been error to allow the motion. Under our statute the course of pleading is the same in *quo warranto* as in other forms of action at common law. (*People* v. *Heidel- berg Garden Co.* 233 Ill. 290.) The rule at common law is that a plea is to be taken as extending to the whole of the charge in the declaration, unless it is expressly limited, in its beginning, to a part of the charge, only. (Gould's Pl.—5th ed.—355.) The plea in question contained no such limitation but both in its form and subject matter

went to the whole information. The motion for judgment *nil dicit* was therefore properly denied.

The matters complained of in the motion to strike out portions of the plea were of such a character that full advantage could be taken of the same by special demurrer. Appellants subsequently filed a special demurrer to the plea, and thereby waived the benefit of their motion to strike. The third assignment of error therefore presents no question that is subject to review by this court at this time.

Appellants argue that the petition filed in the county court for the organization of the district was insufficient to give jurisdiction to that court to entertain the proceedings. The objections urged to the petition are: (1) That it did not describe with sufficient minuteness the starting point, route, terminus, and the nature and plan of the proposed improvement; and (2) that it did not conclude with a formal prayer for the organization of the drainage district to be known as the Mackinaw Drainage District. The petition asks that a drainage district be formed for a combined system of drainage, independent of levees, to be known as the Mackinaw Drainage District, which should include certain lands therein described, and gives the starting points, routes and termini of the open ditch and the tile drain it is proposed to construct, the tracts of land through which the ditches will pass, and the general plan, scope and nature of the proposed improvement. Attached to and made a part of the petition is a plat of the proposed drainage district, on which are shown the lands included in the district and the starting points, courses and termini of the proposed open ditch and the tile drain. The petition further states that in constructing the open drain the channel of Mackinaw creek is to be followed so far as practicable, and that said creek is to be widened, deepened and freed from brush, driftwood, sediment and all other accumulations. The statute does not contemplate that these matters shall all be minutely set forth and described

in the petition, nor does it contemplate that the matter of the practical construction of the improvement shall be fully determined in advance of the filing of the petition, but that matter is left for the determination of the commissioners subsequently to be appointed. (Hurd's Stat. 1913, chap. 42, secs. 9-11.) What the statute contemplates is that the petition shall describe the proposed improvement with sufficient definiteness to inform the land owners who are to be specially assessed to pay for its cost what is proposed to be done, so as to enable them to judge as to the necessity and propriety of the work proposed and of the advantages and disadvantages that will result from the construction of the proposed improvement. (*Aldridge* v. *Clear Creek Drainage District,* 253 Ill. 251; *Brady* v. *Hayward,* 114 Mich. 326; *Kinnie* v. *Base,* 68 id. 625; *Dodge County* v. *Acom,* 61 Neb. 376.) In our opinion the petition was sufficiently specific in this respect. ·The objection as to the omission of the formal prayer for the organization of a drainage district to be known as the Mackinaw Drainage District from the conclusion of the petition is one as to matter of form and too hypercritical to require any serious consideration from this court in a proceeding of this character. The petition filed fully sets forth all of the essential requirements of the statute, including a request that the district be known as the Mackinaw Drainage District. That is all the statute requires. It was sufficient, in substance, to give the county court jurisdiction of the subject matter of the proceedings.

It is further argued that such irregularities occurred in the course of the proceedings that the county court lost jurisdiction of the cause before it entered the final order declaring the district organized and that such order is therefore void. The irregularities complained of are (1) the permitting of the petition to be amended, over the objections of certain of the petitioners; (2) the permitting of the commissioners to amend their report without referring

the same back to the commissioners for correction; and
(3) the continuing of the hearing on the report of the com-
missioners without continuing the same to a day certain, as
required by section 13 of the Levee act. (Hurd's Stat.
1913, p. 925.) In view of the conclusion we have reached
as to the third objection it will not be necessary to con-
sider the other two. The petition for the organization of
the district was filed in the county court on October 10,
1912. Due notice was given of the hearing on the petition,
and on April 12, 1913, the county court entered an order
finding the jurisdictional facts as to the sufficiency of the
petition and the giving of notice, etc., granted the prayer
of the petitioners and appointed appellees commissioners of
the drainage district to lay out and construct the improve-
ment. The order set out in the plea does not, however, fix
a day for the filing of their report by the commissioners,
as required by section 13 of the Levee act, and there is
no allegation in the plea that any time was, in fact, so
fixed by the court for the filing of such report by the com-
missioners. The commissioners, however, filed their report
on July 26, 1913, recommending that certain changes be
made in the proposed improvement and that additional
lands (describing them) be taken into the district. The
court then fixed upon August 22 as the day for the hearing
on such report, and due notice was given of such hearing
both by publication and by posting, as required by statute.
No hearing, however, appears to have been had on that
day. On September 4 the commissioners obtained leave
to amend their report so as to bring in new parties, and
the court continued the hearing on the amended report to
October 6, and due notice was given of such hearing by
publication and by posting as before, but no hearing appears
to have been had on that day, and the record of the county
court as set forth in the plea fails to show, and there is
no allegation in the plea, that the court then continued the
hearing to a future day, although such proceedings were

had that a further amendment was made to the report of the commissioners. On November 29, 1913, the court entered the final order declaring the district organized.

Appellants insist that as the plea fails to allege that at the time the court appointed the commissioners it fixed upon July 26, 1913, or any other day, as the day for its hearing on the commissioners' report, as required by section 13 of the Levee act, or a continuance of such hearing from October 6 to November 29, the plea is fatally defective in those respects and constitutes no defense to the action. The rule is, that in proceedings in the nature of *quo warranto* the defendant must either disclaim or justify, and that if he justifies, his plea must affirmatively show on its face a valid title to the office. (*People* v. *Karr*, 244 Ill. 374; *People* v. *O'Connor*, 239 id. 272; *Place* v. *People*, 192 id. 160.) When the plea seeks to justify by virtue of proceedings had in a court or before some other body designated by law, the plea must show jurisdiction in that court or other body of the proceedings by which the municipal body was organized. (*People* v. *Feicke*, 252 Ill. 414.) In *Merkle Drainage District* v. *Hathaway*, 260 Ill. 186, we held that a district could not be finally organized under the Levee act until after the hearing on the commissioners' report, and that if the court, after appointing the commissioners, failed to continue the cause to a day certain it lost jurisdiction of the cause and no one was bound by its subsequent orders entered therein. It was there said: "The district cannot be finally organized until after the hearing on the report of the commissioners, and, as is seen by the section of the statute referred to, [section 13 of the Levee act,] the court is required to continue the cause to a day certain for the hearing on this report by entering an order on the hearing on the petition, and by failing to fix a day for the hearing on the report of the commissioners the court lost jurisdiction to proceed further, and no one was bound by the action of the court in entering its

order on July 2 or in entering the subsequent order organizing the district. The organization of a drainage district is a statutory proceeding, and every essential step required by statute is necessary to the jurisdiction of the court organizing such district and must appear affirmatively of record.—*Aldridge* v. *Clear Creek Drainage District,* 253 Ill. 251." A judgment entered after the court has lost jurisdiction in the cause is, a nullity and may be attacked at any time by any person and in any court or proceeding. *Aldridge* v. *Matthews,* 257 Ill. 202.

. Appellees argue that the validity of the final order can not be questioned in a *quo warranto* proceeding, for the reason section 16 of the Levee act provides for a method of review of such final order by direct appeal or writ of error to this court, and they cite *People* v. *Niebruegge,* 244 Ill. 82, as sustaining such contention. That case is not in point here. There the plea showed on its face that the county court had jurisdiction both of the person and the subject matter of the cause, and that the final order entered organizing the district found the court had jurisdiction both of the person and the subject matter of the cause. Such is not the case here, where the final order contains no such finding, but, on the contrary, shows that the cause was continued from time to time for a hearing on the commissioners' report, and wholly fails to show that such continuances were to a day certain, as required by sections 13 and 15 of the Levee act, or that the hearing on November 29 was held pursuant to a previous continuance granted to that day. The final order being one which at the time it was entered the county court was without jurisdiction to enter, the validity of the organization of a drainage district depending upon such void order may be attacked in a *quo warranto* proceeding, notwithstanding the statute gives the land owners a remedy by appeal or writ of error to review such final order. In *Aldridge* v. *Matthews, supra,* it is said: "A judgment of a court entered without jurisdiction is a

nullity, and may be called in question at any time and by any person without resorting to an appeal or writ of error to secure a reversal. Such a judgment, being void, may be ignored or disregarded by any person not estopped in some way or precluded by his own act from questioning it. There was no evidence that any signer of the petition or those whom they included in the drainage district were estopped in any way or under any disability to assert the void character of the .former order."

The rule above announced is decisive of the case at bar unless the relators have been guilty of such conduct as to estop them from now questioning the legality of the organization of the drainage district. This appellees insist they have done by reason of their participation in certain of the proceedings in the county court for the organization of the district, and by their objections filed on the application of the county collector for judgment and order of sale of their lands for alleged delinquent taxes levied and assessed by this drainage district. The plea, however, fails to show that any of the relators or any other land owners participated in any of the proceedings for the organization of the district subsequent to August 30, 1913, except on the hearing of the matter of the assessment of benefits and damages, at which time some of the relators appeared specifically and limited their appearance to that of questioning the jurisdiction of the court to further proceed in the cause. By thus appearing specially to question the jurisdiction of the court the relators waived none of their rights in the premises and did not re-invest the court with the jurisdiction which it previously had lost.

The proceedings in the county court on the application for judgment and order of sale are not set forth in the plea, and the transcript of the proceedings had at that time is no part of the record in this case and cannot be considered on this appeal. This is a court of review, and the appeal brings before us only such matters as were a part

of the record and proceedings of the court below. No other matters will be considered here. (*Soule* v. *People,* 205 Ill. 618.) The transcript was not transmitted to this court by virtue of any order of the judge of the lower court made in accordance with the rules of this court, and its contents cannot be considered in reaching our conclusion as to the sufficiency of the plea filed in the circuit court in an entirely different proceeding.

As we are of the opinion that, in so far as anything contained in this record shows, the county court was without jurisdiction to enter the final order of November 29, 1913, and that the relators have not in any way estopped themselves from questioning the legality of the organization of the district by *quo warranto,* the judgment of the circuit court of McLean county will be reversed, with directions to that court to sustain the demurrer to the plea.

*Reversed and remanded, with directions.*