IN RE ROCKY RUN DRAINAGE DISTRICT: STEELE and. others, Petitioners, vs. GORMAN and others, Remonstrants.

*September 16—October 14, 1924.*

*Appeal: Writs of error: In drainage proceedings: Judgment: Amendment: Insertion of costs: Time of appeal.*

1. When costs have been taxed and inserted in a judgment, whether correctly or erroneously, the time for taking an appeal begins to run, and no amendment of the judgment in respect to costs, or in other minor matters not substantially changing the nature thereof, has the effect of extending the time to appeal. p. 559.
2. Sec. 21, art. I, Const., providing that writs of error shall never be prohibited by law, is to be interpreted in the light of conditions as they existed at the time of the adoption of the constitution, and is applicable only to pure actions at law. p. 559.
3. A writ of error does not lie in purely statutory proceedings unless provided by statute, especially where the right to appeal is specifically given, as in such cases the remedy is exclusive. p. 560.
4. Drainage proceedings being purely statutory and equitable in nature (though under sub. (3), sec. 89.07, Stats., the issue as to amount of damages may be tried by a jury), and the right to appeal being given by sec. 89.15, a writ of error will not lie to review any judgment or order therein. p. 560.

PROCEEDINGS for the establishment of a drainage district. After a hearing in the circuit court it dismissed the proceedings because of a lack of acreage represented by the petitioners. Upon an appeal to this court the judgment was reversed and the cause remanded for further proceedings. Such proceedings were had, and at their conclusion, and on March 17, 1923, the circuit court filed findings of fact and conclusions of law and likewise entered an order subtracting a large amount of acreage improperly included therein. On June 6, 1923, the clerk of the court entered a judgment in conformity with the findings and conclusions of law. No costs in favor of remonstrants upon the second hearing were entered in such judgment, but the clerk in-

serted therein the amount of costs taxed in favor of remonstrants upon the first hearing, amounting to $62.57. On November 10, 1923, the remonstrants were served with a notice of a motion to have the costs inserted by the clerk stricken from the judgment. After a hearing of the parties the court struck such item of $62.57 from the judgment. On November 22, 1923, the petitioners filed a notice of appeal. And on December 31, 1923, the petitioners made application to settle the bill of exceptions. The trial court refused to settle the bill of exceptions because the appeal was not taken in time. On June 3, 1924, the petitioners secured a writ of error from this court. On June 16th the circuit court denied an application to settle the bill of exceptions under the writ of error on the ground that it did not lie in an equity case. The attorney for the petitioners asks for a writ of *mandamus* compelling the circuit judge to settle a bill of exceptions both under the appeal and under the writ of error. The attorneys for the remonstrants ask that the proceedings be dismissed because there is no case pending in this court.

*H. A. Gunderson* of Portage, for the petitioners.

*H. E. Andrews* and *David Bogue,* both of Portage, for the remonstrants.

VINJE, C. J. These proceedings are had under the provisions of secs. 89.01 to 89.70 of the Statutes. They are purely statutory. Sec. 89.03 provides that all proceedings under the drainage district law are equitable in their nature, and sub. (3), sec. 89.07, provides that all issues arising under the drainage district law except issues of benefits and damages shall be tried by the court without a jury. So far as an appeal by a petitioner is concerned, the statute, sec. 89.15, provides, "The time within which an appeal to the supreme court may be taken from any judgment or appealable order in drainage proceedings is limited to thirty days from the date of entry thereof." It is contended by the attorney for

the petitioners that the time for taking an appeal was extended by the modification in the judgment wherein the costs were stricken out to thirty days after the order striking out the costs. He calls our attention to the fact that under our decisions as stated in *Elmergreen v. Kern,* 174 Wis. 622, 182 N. W. 947, and cases there cited, a judgment is not perfected until the costs have been inserted therein and that the time for appeal does not begin to run until the judgment is perfected. This undoubtedly is the law of this state, but it does not follow from that that after costs have been inserted, whether correctly or erroneously, the time for appeal will be extended by a motion to modify or strike out the costs. If such were the case, then the time for an appeal might be extended indefinitely by successive motions to modify the judgment in respect to costs or other matters not substantially changing the nature of the judgment. In so far as we find cases that have passed upon this question they have uniformly held that a retaxation of costs does not alter the judgment as originally entered, or that it operates to extend the time in which an appeal may be taken. *Hewitt v. City Mills,* 136 N. Y. 211, 32 N. E. 768; *Wilson v. Palmer,* 75 N. Y. 250; *Lemmons v. Huber,* 45 Oreg. 282, 77 Pac. 836; and 3 Corp. Jur. p. 1051, § 1048. When costs have been taxed in a judgment, whether correctly or erroneously, the time for appeal begins to run, and no amendment or modification of the judgment in respect to costs or in other minor matters not substantially changing the nature thereof has the effect to extend the time for taking the appeal therefrom.

Reliance is placed by petitioners on art. I, sec. 21, of our constitution, providing that writs of error shall never be prohibited by law. When the constitution was adopted a writ of error lay only in pure actions at law, and it is a familiar doctrine that a constitutional provision must be interpreted in the light of conditions as they existed at the time of the adoption of the constitution. This court in

*Farmers Fire Ins. Co. v. Conrad,* 102 Wis. 387, 388, 78 N. W. 582, speaking of this section, aptly remarked:

"There is, however, no constitutional provision or statutory enactment enlarging its scope or increasing its functions. It lay then, as it only lies now, after judgment in any action at law in a court of record, to correct some supposed mistake in the proceedings or judgment of the court. It was never granted to review a judgment in an equitable action." *Delaplaine v. Madison,* 7 Wis. 407; *Howes v. Buckingham,* 13 Wis. 442; *Shannon v. State,* 18 Wis. 604; *Costello v. Buch,* 25 Wis. 477; *Crocker v. State,* 60 Wis. 553, 19 N. W. 435.

While it is true that in drainage proceedings the issue as to amount of damages may be tried by a jury, nevertheless the statute clearly provides that the proceedings shall be and are equitable in their nature. It is therefore clear that under the terms of the drainage statute no writ of error will lie to review any order or judgment entered thereunder. It is familiar law that as to purely statutory proceedings, unless provided for by statute a writ of error does not lie, especially where the right to appeal is specifically given by the statute itself. In such case that remedy is exclusive. The attorney for petitioners calls our attention to the case of *Drummer Creek Drainage Dist. v. Roth,* 244 Ill. 68, 91 N. E. 63, in which he says the supreme court of Illinois held that a writ of error lay in a drainage proceeding. Upon an examination of that case it will be found that sec. 16 of the amended act under which the writ of error was sued out provided, among other things, that the order organizing the district "shall be final, and separate or joint appeals and writs of error may be taken to the supreme court by the parties affected thereby." It will thus be seen that the Illinois drainage act specifically provided for writs of error. The case of *Aldridge v. Matthews,* 257 Ill. 202, 100 N. E. 536, is also relied upon as authorizing a writ of error to be sued out in drainage proceedings. The official report shows that that case came up on appeal from the circuit court and

not upon a writ of error. But even had it come to the appellate court on a writ of error it would have been under and by virtue of the drainage act of Illinois. The case of *Dryden v. Swinburn,* 15 W. Va. 234, relied upon as sustaining the proposition that a writ of error will lie to review purely statutory proceedings, is not in point because the statute of West Virginia provided that any person who deems himself aggrieved by any order or judgment of the county court in a proceeding such as the one there in question, namely, an election contest, could have a writ of error to test the validity of the judgment.

*By the Court.*—The petition for a writ of *mandamus* is denied, and the motion of the remonstrants to dismiss the proceeding is granted, with costs.