NATIONAL BOND & INVESTMENT COMPANY, Respondent,
vs. NASH SALES COMPANY, Appellant.

*October 22—November 17, 1925.*

*Courts: Civil court of Milwaukee county: Judgment modified as to
costs: Vacation and re-entry of judgment: Time within which
appeal must be taken.*

An appeal to the circuit court from a judgment of the civil
court of Milwaukee county, modifying its original judgment
by the retaxation of costs only, although in form vacating
the original judgment and ordering its re-entry, was properly
dismissed for want of jurisdiction, where it was not taken
within twenty days from the date of the original judgment.
CROWNHART and ESCHWEILER, JJ., dissent.

APPEAL from an order of the circuit court for Milwau-
kee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This is an appeal from an order of the circuit court dis-
missing defendant's appeal from the judgment of the civil
court of said county.

*Carl H. Juergens* of Milwaukee, for the appellant.

For the respondent there was a brief by *Quarles, Spence
& Quarles,* attorneys, and *Arthur B. Doe* and *Kenneth P.
Grubb,* of counsel, all of Milwaukee, and oral argument by
*Mr. Grubb* and *Mr. Doe.*

CROWNHART, J.   This was an action in replevin in the
civil court of Milwaukee county wherein judgment was had
in favor of the respondent.   The appellant here did not
appeal from that judgment within the twenty days allowed
by law, and, shortly after the time for appeal expired, pro-
cured an order to show cause why the judgment should not
be set aside and for other relief.   On this application the civil
court, in form, ordered the judgment set aside and retaxa-
tion of costs, and a new judgment to be entered as modified
by the retaxation of costs.   The first judgment was dated

September 6, 1922.   The re-entered judgment was dated March 10, 1923, and is as follows:

"This action having been tried before the court, and the court having made and entered its findings of fact and conclusions of law wherein it advises that the plaintiff is entitled to the possession of the property described in the complaint and assessed the value thereof at the sum of $700 and the plaintiff's damage for the detention thereof by the defendant in the sum of six cents, and it appearing from the return of the sheriff herein that the said automobile has been delivered to the plaintiff pursuant to the statutes and that the plaintiff has given bond with the National Surety Company as surety to the sheriff; and the plaintiff having in open court elected to take judgment for the recovery of the possession of the property:

"Upon motion of Quarles, Spence & Quarles, attorneys for the plaintiff, it was adjudged that the plaintiff do have and recover the possession of said automobile free from any claim of the defendant thereon, together with the sum of six cents, its damages assessed as aforesaid for such detention, together with the sum of $104.16, its costs and disbursements as aforesaid, and, thereafter, said court having rendered an opinion containing an order, which is on file, and which said order has been entered in the docket of said action, wherein and whereby said court orders as follows:

" 'For that reason and in compliance with the provisions of the statute, that part of the order entered on the docket under date of August 22, 1922, requiring defendant as a condition to securing an adjournment to pay plaintiff's witness fees and storage charges, is vacated, and the plaintiff is required to pay to the defendant the sum of $5 as terms for obtaining permission to substitute the parties plaintiff. For the purpose of making this order effective, the judgment is ordered vacated with instructions to re-enter the same in accordance with the terms of this order:'

"Now, therefore,

"It is adjudged that the judgment heretofore made and entered in said action be and the same hereby is vacated; and

"It is further adjudged that the plaintiff do have and recover the possession of said automobile free from any

claim of the defendant thereon, together with the sum of
six cents, its damages assessed as aforesaid for such deten-
tion, together with the sum of $62.50, its costs and disburse-
ments, retaxed in compliance with the said order of the said
court whereby said former judgment is vacated and the
costs are required to be retaxed as aforesaid."

From this judgment, dated March 10, 1923, the appellant
appealed to the circuit court.

The appeal was dismissed by the circuit court, presumably
on the ground that the circuit court had no jurisdiction. It
is the claim of the respondent that the circuit court had no
jurisdiction because the appeal was not taken in time, and
this leads us to an interpretation of the order purporting to
vacate the judgment of September 6, 1922, and the entry
of the new judgment of March 10, 1923. The court is of
the opinion that we must look back of the face of the order
and judgment to the substance of the thing; that in fact all
that the court required by its order was a retaxation of costs
and a modification of the judgment to that effect only; that
such action did not require the vacation of the judgment,
and in fact was not the vacation of the judgment but merely
a modification of the same. Hence the question at issue is
ruled by the decision in *In re Rocky Run D. Dist.* 184 Wis.
557, 559, 200 N. W. 384. In that case the court held:

"When costs have been taxed in a judgment, whether
correctly or erroneously, the time for appeal begins to run,
and no amendment or modification of the judgment in re-
spect to costs or in other minor matters not substantially
changing the nature thereof has the effect to extend the time
for taking the appeal therefrom."

The appeal not having been taken within twenty days
from the date of the original judgment, the circuit court got
no jurisdiction and therefore correctly dismissed the appeal.

Mr. Justice ESCHWEILER and the writer of this opinion
differ from the majority of the court, in this: we accept the
dockets and written records of the civil court just as they

plainly read.   The civil court had authority, under ch. 549, Laws of 1909, as amended, to vacate the judgment at any time within six months, and, having authority so to do, did vacate the judgment and entered a new judgment.   True, he might have accomplished the same purpose by modifying the old judgment, but for reasons not disclosed he chose the other way, equally effective and equally within his power. From the new judgment the respondent appealed in time. For these reasons we think the circuit court had jurisdiction and should have heard the case on appeal.

   *By the Court.*—The order of the circuit court is affirmed.